United States Steel Corporation, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Charles Gouker, Respondents.

Argued May 5, 1980, before Judges WILKINSON, JR., CRAIG and MACPHAIL, sitting as a panel of three.

*Louis A. Raimond,* with him *R. M. Guttshall, III,* for petitioner.

*William R. Caroselli,* with him *Richard G. Spagnolli, McArdle, Caroselli, Spagnolli & Beachler,* for respondent.

OPINION BY JUDGE MACPHAIL, July 11, 1980:

The only issue raised on this appeal by Petitioner United States Steel Corporation (Employer) is whether the Workmen's Compensation Appeal Board (Board) erred in affirming a referee's grant of workmen's compensation benefits to Charles Gouker (Claimant) pursuant to Section 306(c)(22) of The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §513(22). It is undisputed that Claimant suffered a "serious and permanent disfigurement . . . of such a character as to produce an unsightly appearance, and such as is not usually incident to the employment." *See* Section 306(c)(22) of the Act. This appeal, however, concerns the location of the disfigurement. Claimant alleged and the referee and the Board found that it was located on Claimant's neck and, therefore, was compensable pursuant to Section 306 (c)(22). Employer argues that the disfigurement is not on Claimant's neck, but rather on his chest and, therefore, is not compensable. For the reasons which follow, we affirm the order of the Board.

In a case involving compensation for alleged disfigurement, the claimant bears the burden of proof concerning the disfigurement. *East Coast Shows v. Workmen's Compensation Appeal Board,* 37 Pa. Commonwealth Ct. 312, 313, 390 A.2d 323, 324 (1978). Where, as here, the party with the burden of proof prevails before the compensation authorities, our scope of review is limited to a determination of whether constitutional rights were violated, an error of law was committed, or the findings of fact were not supported by substantial evidence. *Latrobe Steel Co. v. Workmen's Compensation Appeal Board,* 41 Pa. Commonwealth Ct. 460, 463, 399 A.2d 465, 466 (1979). The party prevailing before the compensation authorities is entitled to the most favorable inferences to be

drawn from the evidence on appeal. *American Refrigerator Equipment Co. v. Workmen's Compensation Appeal Board,* 31 Pa. Commonwealth Ct. 590, 595, 377 A.2d 1007, 1010 (1977).

Before reaching the merits of the issue raised here, we must determine whether the location of a disfigurement is a question of fact or a question of law. Employer argues that it is one of law. We disagree. The Courts of this Commonwealth have traditionally held that other issues related to disfigurement are questions of fact. *See, e.g., Sun Shipbuilding and Dry Dock Co. v. Workmen's Compensation Appeal Board,* 41 Pa. Commonwealth Ct. 302, 309, 398 A.2d 1111, 1115 (1979) (seriousness of disfigurement); *Industrial Casting Co. v. Workmen's Compensation Appeal Board,* 35 Pa. Commonwealth Ct. 172, 174, 384 A.2d 1384, 1386 (1978) (permanence of disfigurement); *Workmen's Compensation Appeal Board v. Pizzo,* 21 Pa. Commonwealth Ct. 370, 372, 346 A.2d 588, 590 (1975) (permanence of disfigurement); *Yaklich v. Union Collieries Co.,* 158 Pa. Superior Ct. 55, 59, 43 A.2d 591, 593 (1945) (questions of disfigurement in general); *Madajewski v. Susquehanna Collieries Co.,* 135 Pa. Superior Ct. 181, 183, 4 A.2d 809, 810 (1939) (questions of disfigurement in general). Today, we hold that questions concerning the *location* of compensable disfigurements are likewise questions of fact.

Since we have held that the issue before us constitutes a question of fact, we must review the record to determine whether the findings of fact supporting the order of compensation are supported by substantial evidence, that is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *American Refrigerator Equipment Co. v. Workmen's Compensation Appeal Board* at 595, 377 A.2d at 1010.

The record in this case is severely limited. The notes of testimony consist of two pages in which there is no sworn testimony. It is indicated on the record that Claimant appeared before the referee and that the referee observed the disfiguring scar. Also, Claimant's attorney described the disfigurement on the record as

approximately 1/2 inch in length, and approximately 1/4 of an inch to 3/8 of an inch in diameter; white in color on the—which I classify as the right side of claimant's neck. I will also make a note on the record, the claimant's clavicle is 1/2 inch to 3/4 of an inch below the neck—scar on his neck.

Counsel for Employer did not dispute Claimant's counsel's description of the scar except to say that it was not located on his neck but rather "on the upper chest—whatever's below the neck." Based upon this record, the referee made the following finding of fact:

7. Your Referee finds as a fact, that on August 22, 1977 while in the course of employment for defendant, claimant was burned by hot carbon from coke battery and the following facial disfigurement was observed by your Referee, to wit: a scar 3/4″ in length and 1/4″ in width and white in color. The defendant argued that the scar was not on the claimant's neck, however, the Referee finds as a fact that the scar is indeed on the claimant's neck, thus entitling the claimant to compensation benefits.

Employer appealed the referee's order to the Board. Claimant appeared before the Board and its members observed the disfigurement. In its opinion, the Board wrote,

A careful review of the record, together with a viewing of the Claimant, has indicated that, notwithstanding [Employer's] objections [as to the location of the disfigurement], the scar is on the neck, and is therefore compensable under Section 306(c)(22) of the Act, as amended in 1955.

Before deciding the substantial evidence question, we must determine whether the Board erred in viewing the Claimant and whether, if it did, such error was harmful. For some years, it had been a general rule in workmen's compensation cases that if a referee's findings of fact were supported by competent evidence, the Board could not take additional evidence and substitute its own findings for those of the referee. *Forbes Pavilion Nursing Home, Inc. v. Workmen's Compensation Appeal Board,* 18 Pa. Commonwealth Ct. 352, 356, 336 A.2d 440, 444 (1975). This Court had carved out an exception to that general rule, however, and had determined that the Board could view a claimant's alleged scar in disfigurement cases even if there was competent evidence supporting the referee's findings of fact. *See, e.g., Workmen's Compensation Appeal Board v. Jones & Laughlin Steel Corp.,* 25 Pa. Commonwealth Ct. 542, 545, 360 A.2d 854, 856 (1976). Our Supreme Court, however, has recently held that the general rule of *Forbes Pavilion Nursing Home, Inc.* is still applicable to workmen's compensation cases and that cases involving loss of use do not fall within any exception to the rule. *McGartland v. Ampco-Pittsburgh Corp.,* Pa. , , 413 A.2d 1086, 1087 (1980). Because disfigurement and loss of use cases are so closely related, we interpret the Court's opinion to apply to disfigurement cases, as well.

Despite the fact that the Board took additional evidence before issuing its order here, we find no reversible error. Without its view of Claimant, the only evidence it had on the record before it was the description of the scar offered by counsel for the Claimant and Employer. While we believe that that evidence was substantial enough to support the referee's finding of fact concerning the location of the scar, the question is admittedly a close one. Therefore, we cannot fault the Board for observing Claimant. Furthermore, we note that the Board did not substantively alter the referee's findings of fact. It found facts similar to the referee's findings and affirmed the referee's order. Any error committed by the Board in receiving additional evidence, therefore, was harmless.

Finally, we move to the merits of this case, that is whether the compensation authorities erred in determining that the disfiguring scar was located on Claimant's neck. Employer argues that the Board erred in using the clavicle as a reference point for determining the location of one's neck. Employer is correct in stating that the clavicle extends to the end points of either shoulder. Had the Board referred only to the clavicle in describing the neck, we would agree with Employer that the definition would be too "generous." What the Board found, however, was that

> Connecting as the clavicle does the scapula (shoulder blade) and the sternum (breastbone), and resting approximately at the base of the collar of one's shirt, this would appear to represent a fair indicator of the point beyond which one could not properly consider the neck to extend.

The Board found, then, that the base of the neck is located at the juncture of the clavicle, scapula, and sternum. We think that that is an accurate description of the point which intersects with an imaginary line drawn vertically through one's head at the base of that part of the body connecting one's head and trunk, *i.e.* the neck. It is clear from the Board's opinion that that is the point of the clavicle, not some other point nearer the shoulders, from which the Board measured the scar. One half inch above this reference point, which is where the Board found the scar to begin, would represent a point on one's neck.

In conclusion, then, we hold that there is substantial evidence on the record to support the finding of fact that Claimant incurred a disfiguring scar on his neck. We note, however, that the location of a disfigurement is not an easy issue to review on a paper record. We urge referees and the Board to use great care in future cases to ensure that the description of the location of the disfigurement is clear, and, if necessary, to include in the record illustrations or photographs depicting the location.

The order of the Workmen's Compensation Appeal Board is affirmed.

## Order

And Now, this 11th day of July, 1980, the Order of the Workmen's Compensation Appeal Board, entered March 1, 1979, at A-75716, is affirmed.

Accordingly, it is ordered that judgment be entered in favor of Charles Gouker and against United States Steel Corporation at the rate of $199.00 per week for a period of eight (8) weeks at which time all compensation due and owing Charles Gouker shall have been paid and compensation shall terminate.

It is also ordered that counsel fees shall be paid in the total amount of $318.40 to Charles Gouker's attorney, Richard G. Spagnolli, Esquire. United States Steel Corporation is directed to deduct said attorney's fees from the compensation awarded to Charles Gouker and to send said attorney's fees by separate draft to Richard G. Spagnolli, Esquire, 1100 Law & Finance Building, Pittsburgh, Pennsylvania 15219.

---

DISSENTING OPINION BY JUDGE WILKINSON, JR.:

Where the scar is on the body is a question of fact; whether that area of the body is covered by the Act is a question of law. This record does not contain sufficient evidence as to its location on the body for us to determine as a matter of law whether it is covered and, therefore, I would remand for further evidence.