St. Joe Zinc, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Kenneth R. Howard, Respondents.

364

Argued April 6, 1981, before Judges MENCER, BLATT and MacPhail, sitting as a panel of three.

*Bruce E. Woodske, Reed, Luce, Good, Tosh, Kunselman & McGregor*, for petitioner.

*Alexander J. Pentecost*, for respondent, Kenneth R. Howard.

OPINION BY JUDGE MacPhail, June 1, 1981:

This case presents the issue of whether the Workmen's Compensation Appeal Board (Board) may increase a referee's award for facial disfigurement on the basis of the Board's independent observations of the Claimant.[1]

---

[1] Although the Board's opinion indicates that the Claimant appeared at the Board's hearing *and testified,* there is no transcript of the record of such testimony available to us. We are informed that such testimony is not transcribed by the Board as a matter of course. Accordingly, we must adjudicate this appeal without regard to the Claimant's testimony before the Board.

Kenneth R. Howard (Claimant), while in the course of his employment, sustained serious and permanent facial disfigurement of an unsightly nature when he was splashed by hot metal. After a hearing and personal view of the Claimant, the referee described Claimant's disfigurement in his finding as

a number of scattered irregular shaped light pigmented spots on the right side of his face. The loss of flesh and some scarring on the right lobe of the nostril. A loss of flesh with some red pigmentation of the left upper ear lobe. A light pigmented scar that varies in width from approximately one inch down to a quarter inch, it extends from behind the ear down the base of the left jaw to within an inch and a half of the Adam's apple.

Under the provisions of Section 306(c)(22) of The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §513 (22)[2] the referee awarded Claimant 40 weeks of compensation at the rate of $227.00 per week.

On Claimant's appeal to the Board, the Board noted that it had observed the Claimant and described Claimant's disfigurement as follows:

The Claimant exhibited extensive scarring of the left cheek, left ear and nose, and behind the right ear. There were also scattered dis-

---

[2] Section 306(c)(22) of the Act, 77 P.S. §513(22) provides as follows:

For all disability resulting from permanent injuries of the following classes, the compensation shall be exclusively as follows:

. . . .

(22) For serious and permanent disfigurement of the head, neck or face, of such a character as to produce an unsightly appearance, and such as is not usually incident to the employment, sixty-six and two-thirds per centum of wages not to exceed two hundred seventy-five weeks.

colored spots on the right side of his face, irregular in shape. The upper lobe of the left ear, in addition to being pigmented (reddish), had suffered loss of flesh. A scar of varying width, runs from behind that ear down the cheek and base of the left jaw to a point just over an inch from the Adam's apple. The right lobe of the nose is not only scarred, but that nostril has lost some flesh. There is also a substantial scar, nearly three inches in length behind the right ear.

The Board concluded that the scarring did, indeed, constitute permanent disfigurement but held that the referee had "somewhat undervalued" the injury. Accordingly, the Board increased Claimant's entitlement from 40 to 60 weeks. The Employer has appealed that order to this Court.

In *McGartland v. Ampco-Pittsburgh Corp.*, 489 Pa. 205, 413 A.2d 1086 (1980), citing *Forbes Pavilion Nursing Home, Inc. v. Workmen's Compensation Appeal Board*, 18 Pa. Commonwealth Ct. 352, 336 A.2d 440 (1975), our Supreme Court held that where the referee's findings are supported by competent evidence, the Board may not take additional evidence[3] and substitute its own findings for those of the referee. In *United States Steel Corp. v. Workmen's Compensation Appeal Board,* 52 Pa. Commonwealth Ct. 641, 416 A.2d 619 (1980), *petition for allocatur denied* January 19, 1981, this Court, citing *McGartland,* held that notwithstanding its previous decisions to the contrary, a disfigurement case fell within the general rule that where the referee's findings are supported by competent evidence, the Board may not take additional evidence and substitute its own findings for those of the referee.

---

[3] In *McGartland* the issue was a view of the claimant's hand in a loss of use case.

In the instant case, there can be no doubt that there was competent evidence to support the referee's findings. Indeed, a comparison of the description of the scarring by the referee with that of the Board discloses no substantial difference in what each of them observed. Under such circumstances, we must conclude that the Board erred in a matter of law when it increased the award based upon its own observation of the Claimant.

Order reversed.

ORDER

AND Now, this 1st day of June, 1981, the order of the Workmen's Compensation Appeal Board dated April 11, 1980 and entered to Docket No. 77862 is reversed and the order of the referee dated September 5, 1979 is reinstated. Judgment is entered in favor of Kenneth R. Howard and against St. Joe Zinc or its insurance carrier for compensation at the rate of $227.00 per week for a period of 40 weeks beginning January 10, 1979, without interest. Attorney's fees in the sum of $450.00 are approved and shall be deducted from the deferred compensation due the Claimant.