Allegheny Ludlum Industries, Inc., Petitioner *v.* Workmen's Compensation Appeal Board (Jack T. Macurdy), Respondents.

Argued September 16, 1982, before Judges ROGERS, MACPHAIL and DOYLE, sitting as a panel of three.

*Raymond F. Keisling, Will & Keisling,* for petitioner.

*John W. McTiernan, McArdle, Caroselli, Spagnolli & Beachler,* for respondent, Jack T. Macurdy.

OPINION BY JUDGE ROGERS, January 10, 1983:

The petitioner, an employer, asks us to review an order of the Workmen's Compensation Appeal Board (Board) increasing the amount of award made to its employee by a referee for serious and permanent disfigurement.

The claimant was injured at work, and filed a petition alleging that as a result of the accident he suffered serious and permanent disfigurement of his face.

At the referee's hearing the scarring of the claimant's face was described in the presence of the petitioner's counsel without objection as "[a] disfigurement [which] involves a linear red scar on the left side of claimant's chin, ⅛ inch in length and being reddish along the line of the scar." The referee found:

Claimant's injury resulted in a linear scar on left side of claimant's chin being approximately ⅛ inch in length and being reddish along the line of the scar.

The referee awarded the claimant three weeks of compensation under the provisions of Section (306) (c)(22) of the Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §513(22). The claimant in his appeal to the Board, complained that the award was inadequate.

The Board looked at the scar and awarded the claimant eight weeks of compensation.

The petitioner contends that the Board erred in increasing the amount of the claimant's compensation based on its view of his face. We agree.

The referee is the trier of fact, and unless there is an error of law or a capricious disregard of competent evidence, the Board cannot disturb the referee's findings of fact. *Universal Cyclops Steel Corp. v. Krawczynski,* 9 Pa. Commonwealth Ct. 176, 305 A.2d 757 (1973). In *McGartland v. Ampco-Pittsburgh Corp.,* 489 Pa. 205, 207, 413 A.2d 1086, 1087 (1980) where the Board did just as it did here, the Supreme Court held: "Where the referee's findings are supported by competent evidence, the Board cannot take additional evidence and substitute its own findings of fact for those of the referee."

Order reversed.

### ORDER

AND Now, this 10th day of January, 1983, the order of the Workmen's Compensation Appeal Board dated December 24, 1980 and entered to docket number A-79419 is reversed and the order of the referee dated June 12, 1980 is reinstated. Judgment is entered in favor of Jack T. Macurdy and against Allegheny Ludlum Industries or its insurance carrier for compensation at the rate of $227.00 per week for a period of three (3) weeks beginning October 21, 1979, without interest. Attorney's fees in the amount of 20% are approved and shall be deducted from the deferred compensation due the claimant.

---

CONCURRING OPINION BY JUDGE DOYLE:

I concur in the result reached by the majority, but for the reasons which follow, I cannot join in the rationale of the opinion. While I agree that the Work-

men's Compensation Appeal Board (Board) erred in increasing the amount of the Claimant's compensation, I do not believe that it was error for the Board to have viewed the scar. Implicit in the majority opinion is the prohibition of any observation of a claimant's disfigurement by the Board in the first instance. Simply stated, I do not believe the case law which circumscribes the Board's review authority in workmen's compensation cases of this kind compels such a rule.

In *Universal Cyclops Steel Corporation v. Krawczynski,* 9 Pa. Commonwealth Ct. 176, 305 A.2d 757 (1973), we established the rule that the Board could not substitute its findings for those of the referee without taking additional evidence. Thereafter, in *Forbes Pavilion Nursing Home, Inc. v. Workmen's Compensation Appeal Board,* 18 Pa. Commonwealth Ct. 352, 336 A.2d 440 (1975), we interpreted the 1972 amendments to the Pennsylvania Workmen's Compensation Act[1] to restrict the Board's authority to take additional evidence to those instances where the findings or decision of the referee is not supported by substantial competent evidence. Nevertheless, in *Workmen's Compensation Appeal Board v. Jones & Laughlin Steel Corp.,* 25 Pa. Commonwealth Ct. 542, 360 A.2d 854 (1976), we held that the Board's reception of evidence by its personal view of a claimant's scar in a disfigurement case was proper as an exception to the general rule in *Forbes.*

Subsequently, our Supreme Court in *McGartland v. Ampco-Pittsburgh Corp.,* 489 Pa. 205, 413 A.2d 1086 (1980) held that workmen's compensation cases in-

---

[1] Section 3 of the Act of February 8, 1972, P.L. 25 (Act No. 12) and Section 23 of the Act of March 29, 1972, P.L. 159 (Act No. 61), *amending* Section 423 of the Act of June 2, 1915, P.L. 736, as amended, 77 P.S. §854.

volving loss of use were no exception to the general rule established in *Forbes* that the Board cannot take additional evidence and substitute its own findings for those of the referee, where the referee's findings are supported by competent evidence. Commonwealth Court has since extended the precise rule of *McGartland* to apply also in disfigurement cases. *Purex Corp. v. Workmen's Compensation Appeal Board*, 66 Pa. Commonwealth Ct. 499, 445 A.2d 267 (1982); *St. Joe Zinc v. Workmen's Compensation Appeal Board*, 59 Pa. Commonwealth Ct. 363, 429 A.2d 1262 (1981); *United States Steel Corp. v. Workmen's Compensation Appeal Board*, 52 Pa. Commonwealth Ct. 641, 416 A.2d 619 (1980), and consequently has seemingly overturned, sub silencio, the exception established in *Jones & Laughlin Steel*.

These cases have not, however, removed from the province of the Board the task of determining whether the referee's findings and conclusions are supported by substantial competent evidence. And it is in this capacity, I believe, the Board has the authority and the need, to view a disfigurement on appeal.

When, in *United States Steel*, we extended the rule set down in *McGartland* to disfigurement cases, we interpreted *McGartland* to apply "[b]ecause disfigurement and loss of use cases are so closely related" but we found no reversible error in that case in the viewing of the scar by the Board. *United States Steel*, 52 Pa. Commonwealth Ct. at 646, 416 A.2d at 621. We noted:

> Without its view of Claimant, the only evidence [the Board] had on the record before it was the description of the scar offered by counsel for Claimant and Employer. While we believe that that evidence was substantial enough to support the referee's finding of fact. . . . the question is

admittedly a close one. Therefore, we cannot fault the Board for observing Claimant. *Id.* at 647, 416 A.2d at 621-22. We found any error in the Board's viewing of the disfigurement to be harmless because "the Board did not substantively alter the referee's findings of fact. It found facts similar to the referee's findings and affirmed the referee's order." *Id.* at 647, 416 A.2d at 622.

In *St. Joe Zinc,* we did overturn the Board after they viewed the Claimant's disfigurement on appeal. But we did so not simply because the Board had viewed the scar, but rather because the Board altered the referee's award without finding substantial differences in the evidence. We concluded:

> In the instant case, there can be no doubt that there was competent evidence to support the referee's findings. Indeed, a comparison of the description of the scarring by the referee with that of the Board discloses no substantial difference in what each of them observed. Under such circumstances, we must conclude that the Board erred as a matter of law when it increased the award based upon its own observation of the Claimant.

*Id.* at 367, 429 A.2d at 1264.

What *McGartland* and our cases prohibit, then, is not the personal observation of the Claimant's disfigurement by the Board, but rather a substitution of the Board's judgment for that of the referee when observation by reasonable men could substantially support the referee's judgment. It is the substantial competent evidence standard that our cases reaffirm in applying *McGartland* to disfigurement. It is not in observing the disfigurement that the Board errs, but in considering it outside the context of the substantial evidence test.

The opinion of the majority in this case and our opinions in the other recent disfigurement cases focus on verbal descriptions of the disfigurement observed, recited into the record by counsel or by the referee. In the case before us, the Claimant's counsel described the disfigurement as "a linear red scar on the left side of claimant's chin, one-eighth inch in length and being reddish along the line of the scar." The majority's opinion quotes the nearly identical language in the finding of the referee which describes the scar. Admittedly, this is indicative that the finding is supported by substantial evidence, yet I think it unrealistic to believe that the referee based his finding of fact on the recitation of claimant's counsel and not on his own observation of the scar.[2]

In a disfigurement case, the referee inevitably bases his findings of fact and determination of compensability on his personal observation of the scarring or damage to the normal appearance of the claimant. *See St. Joe Zinc; United States Steel.* Unlike other compensable injuries, disfigurement is not best determined by expert medical testimony, which can be recorded for review by the Board on appeal, or by testimony from witnesses describing what the claimant's disfigurement looks like. Rather, it is the physical appearance of the claimant himself which constitutes the evidence considered by the referee. It is precisely because this essential physical evidence considered by the referee is difficult to preserve for the record that these cases are troublesome. The recitation of verbal descriptions of the disfigurement is helpful but woefully inadequate to accurately preserve evidence which is received by the referee by a visual perception of

---

[2] In his report of decision, the referee prefaced his findings of fact by noting that he had viewed the Claimant's scar.

physical evidence.[3] I would maintain that considera-
tion by the Board of this same essential physical evi-
dence which the referee considered does not constitute
error unless the Board considers it outside the context
of the substantial evidence standard.

I think that the law cannot be otherwise. Our cases
cannot practicably prohibit observation of a claim-
ant's disfigurement by the Board. We cannot prohibit
disfigured claimants from appearing before the Board
on appeal without violating due process and indeed
being violative of the Board's own rules of procedure.[4]
Nor could we realistically insist that the Board mem-
bers avert their gaze to avoid seeing disfigured claim-
ants when they appear to prosecute their appeal. I
think also that we cannot practicably require the
Board to be legally blind and determine if the ref-
eree's findings are supported by substantial evidence
without examining that most critical evidence on which
the referee has relied, *i.e.,* the physical appearance of
the claimant. To limit the Board to the verbal descrip-
tions recorded ignores the reality of how the referee

---

[3] This distinguishes disfigurement cases from loss of use cases.
In determining loss of use, the referee, while necessarily receiving
some evidence in a visual observation of the claimant, also takes
essential evidence in the form of testimony from the claimant and
others as to the use limitations the claimant has experienced and
functions which he can no longer perform. *See e.g. McGartland,* 489
Pa. at 208, 413 A.2d at 1087 where the Supreme Court noted:

> Claimant stated that he could not hold objects of any
> weight, open a car door, button his clothes, or use his left
> hand to bathe. Claimant's physician stated unequivocally
> that claimant's left hand was lost for all practical purposes
> because of the loss of mechanism created by amputation of
> claimant's index, middle and ring fingers. . . .

The referee in a loss of use case does not rely as exclusively on
visual evidence as in a disfigurement case.

[4] 34 Pa. Code 111.14(a) still requires, "[i]n cases involving dis-
figurement or commutation the claimant shall appear in person."

makes his findings.[5] I believe what *McGartland* and our case law demand, however, is that in viewing the disfigurement, the Board adhere to the substantial evidence standard.

In the case at hand, the Board did not adhere to the substantial evidence standard and therefore must be reversed. The Board admits that the description of the scar in the record is adequate, indicating, as in *St. Joe Zinc,* that there was no substantial difference in what the referee and the Board observed. The Board based its decision on its knowledge of what such scars are worth, and held as a matter of law that the disfigurement entitled the Claimant to eight weeks of compensation. It is the seriousness of the disfigurement which determines its compensable worth, and we have held that seriousness of disfigurement is a question of fact, not of law. *Sun Shipbuilding & Dry Dock Co. v. Workmen's Compensation Appeal Board,* 41 Pa. Commonwealth Ct. 302, 398 A.2d 1111 (1979), *aff'd on other grounds, sub nom, Sun Ship, Inc. v. Pennsylvania,* 447 U.S. 715 (1980). With the Board's concurrence in the verbal description, I cannot agree that the increase of the award by a mere five weeks is sufficient to indicate that the referee's determination of the seriousness of the scar is unsupported by substantial evidence.

---

[5] Even if care is taken to develop detailed and accurate descriptions of disfigurement in the record, words alone seldom capture the subjective elements fundamental to the referee's decision. While we can describe the length, location and color of a scar, can we adequately verbalize the impact of these factors which combine to create a degree of "ugliness", if you will, for which a claimant should receive a certain compensation? Clearly, there is a need for consistency in disfigurement awards and detailed and accurate standards. But the judgment of the referees will remain subjective; a "half-inch red line on the chin" could be disfiguring on one man's face and add character to another's.