Ervin W. Carey, Sr., Petitioner *v.* Workmen's Compensation Appeal Board (General Electric Company and Electric Mutual Liability Insurance Company), Respondents.

Argued October 4, 1982, before President Judge CRUMLISH, JR. and Judges WILLIAMS, JR. and DOYLE, sitting as a panel of three.

*Gary V. Skiba, Colussi, Yochim, Skiba & Vogel,* for petitioner.

*Howard N. Plate, Plate, Shapira, Hutzelman, Berlin & May,* for respondents.

OPINION BY PRESIDENT JUDGE CRUMLISH, JR., February 10, 1983:

The Workmen's Compensation Appeal Board, by order, denied Ervin Carey benefits. He appeals. We affirm.

Carey, a General Electric truck driver, claimed benefits for injuries sustained in a train crossing collision. Benefits were denied, applying Section 301(a) of The Pennsylvania Workmen's Compensation Act,[1] which provides in pertinent part:

> Every employer shall be liable for compensation for personal injury to, or for the death of such employe, by an injury in the course of his employment.... Provided, That no compensa-

---

[1] Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §431.

tion shall be paid when the injury or death is intentionally self inflicted, or is caused by the employe's violation of law, but the burden of proof of such fact shall be upon the employer....

Three witnesses testified that Carey, in disregard of a barricade and flashing red lights, drove across the tracks and in so doing was struck. A blood test taken approximately one and one-half hours after the accident showed his blood alcohol level at 0.149%.

Carey categorically denied drinking on the day of the accident, but failed to explain his blood alcohol level. His only witness was a notary public with whom he had done business approximately forty-five minutes before the accident.[2] She testified that she observed no signs of drunkenness, *i.e.*, staggering, slurring of speech, or the odor of alcohol on his breath.

The referee concluded that Carey's injury was caused by his intoxication, a violation of law which barred him from benefits.[3] His finding was based on his conclusion that Carey's blood level was at least 0.149% at the time of the accident.[4] He found further

---

[2] The notary public testified that she had seen Carey approximately ten minutes before the accident, but Carey's own recitation of where he had gone after leaving her office and prior to the accident contradicted this estimated time.

[3] The referee specifically based his conclusion that Carey was intoxicated, in violation of the law on all the evidence, including the testimony of the witnesses to the accident and the medical evidence of Carey's blood alcohol level.

[4] Carey argues that the blood test taken an hour and a half after the accident cannot constitute evidence of his intoxication at the time of his accident. However, we note that the referee concluded, based on medical evidence offered of how quickly the human body absorbs alcohol and at what rate the level increases and decreases, that Carey's blood alcohol level was *at least* 0.149% at the time of the accident, which constitutes a violation of the law, *i.e.*, driving while intoxicated.

that the reckless driving induced by intoxication caused the accident and his injury. The Board affirmed. We agree.

The burden on an employer when proving a violation of the law is heavier than establishing a mere preponderance of evidence. *Abbotts Dairies v. Workmen's Compensation Appeal Board*, 38 Pa. Commonwealth Ct. 423, 393 A.2d 517 (1978). Our scope of review, where the party with the burden of proof has prevailed below, is limited to determining whether constitutional rights were violated, an error of law was committed or findings of fact were unsupported by substantial evidence. *United States Steel Corp. v. Workmen's Compensation Appeal Board*, 52 Pa. Commonwealth Ct. 641, 416 A.2d 619 (1980). We agree that the evidence supports the employer's burden.

Violation of law is generally understood to mean "the commission of a felony or misdemeanor." *Hemer v. Workmen's Compensation Appeal Board*, 71 Pa. Commonwealth Ct. 174, 454 A.2d 225 (1983).

Section 1547(d)(3) of the Vehicle Code[5] provides:
That the amount of alcohol by weight in the blood of the person tested is 0.10% or more, it shall be presumed that the defendant was under the influence of alcohol.

Section 3731 of the Vehicle Code[6] further provides that driving under the influence is a misdemeanor. In short, we conclude that the Board properly held that Carey's accident and injury were due to a violation of law and that that holding was supported by substantial evidence.

Affirmed.

---

[5] 75 Pa. C. S. §1547(d)(3).
[6] 75 Pa. C. S. §3731.

ORDER

The decision of the Workmen's Compensation Appeal Board, No. A-80195 dated December 31, 1981, is hereby affirmed.