St. Joe Minerals .Corp., Petitioner v. Workmen's Compensation Appeal Board (Ivan J. Vincenzini), Respondents.

Submitted on briefs March 3, 1983, to President Judge CRUMLISH, JR. and Judges WILLIAMS, JR. and BARBIERI, sitting as a panel of three.

*Bruce E. Woodske, Reed, Luce, Good, Tosh, Kunselman & McGregor,* for petitioner.

*Alexander J. Pentecost,* with him *Amiel B. Caramanna, Jr.,* for respondent, Ivan J. Vincenzini.

OPINION BY PRESIDENT JUDGE CRUMLISH, JR., August 12, 1983:

St. Joe Minerals Corporation appeals a Workmen's Compensation Appeal Board order affirming the ref-

eree's award of total disability benefits to Ivan J. Vincenzini. We affirm.

Vincenzini, a utility man in St. Joe's furnace department since 1950, left work for health reasons on November 4, 1976. Subsequently, he was diagnosed as having mixed dust pneumoconiosis. Vincenzini applied for disability benefits under Section 108(n) of The Pennsylvania Workmen's Compensation Act.[1]

The referee found that the mixed dust pneumoconiosis totally disabled Vincenzini, that the disease arose out of his exposure to hazardous dusts during his employment,[2] and that its incidence is substantially greater in Vincenzini's occupation than in the general population. The Board, without taking additional evidence, affirmed.

Our scope of review, where the party with the burden of proof has prevailed below, is limited to determining whether constitutional rights were violated, an error of law was committed or findings of fact were unsupported by substantial evidence. *Carey v. Workmen's Compensation Appeal Board (General Electric Co.)*, 72 Pa. Commonwealth Ct. 10, 455 A.2d 774 (1983) (*citing United States Steel Corp. v. Workmen's Compensation Appeal Board*, 52 Pa. Commonwealth Ct. 641, 416 A.2d 619 (1980)).

Section 108(n) provides that occupational diseases include:

> All other diseases (1) to which the claimant is exposed by reason of his employment, and (2) which are causally related to the industry or occupation, and (3) the incidence of which is

---

[1] Act of June 2, 1915, P.L. 736, *as amended*, added by Section 1 of the Act of October 17, 1972, P.L. 930, 77 P.S. §27.1(n).

[2] Vincenzini testified that he was exposed to coke, sinter, ore and zinc oxide dust and carbon monoxide gas.

substantially greater in that industry or occupation than in the general population.

St. Joe's appears to argue that Vincenzini's medical expert failed to testify in terms of Vincenzini's *specific* occupation (furnace worker) and, thus, a finding that pneumoconiosis is substantially greater in Vincenzini's occupation than in the general population is not supported by substantial evidence.

The expert medical testimony of Dr. Daniel Fine[3] concerning Vincenzini's occupation includes:

Q. Taking into account the history he gave you, together with the physical examination and the tests you performed, within a reasonable degree of medical certainty, what do you feel the cause of this mixed pneumoconiosis was?

A. I feel it was the direct result of his dust inhalation during his employment as he related to me.

. . . .

Q. Is the incidence of mixed pneumoconiosis substantially greater in those people such as the Claimant who worked in occupations or industries where they are exposed to the kinds of materials he was, specifically sand, coke and silica, is the incidence greater in those people than in the general population?

. . . .

A. You are asking me is the incidence of pneumoconiosis, due to these agents such as silica,

---

[3] Other medical testimony was offered. However, "a referee may, in the exercise of his discretion, accept or reject the testimony of any witness, including a medical witness, in whole or in part." *Lehigh Valley Coal Sales Co. v. Workmen's Compensation Appeal Board*, 66 Pa. Commonwealth Ct. 59, 65, 443 A.2d 1339, 1342 (1982). (Citation omitted.)

coke dust, greater in people that work in an industry in which they are exposed to these things in the environment during the day as opposed to the average population? Is the incidence greater?

Q. Substantially greater?

A. Yes, I would say it is.

Q. Doctor, from the standpoint of this pneumoconiosis—

A. (continuing): Let me say, to make it clear, in the general environment, whatever that would be, in the average environment where there are not significant amounts of these dusts, pneuomoconiosis does not occur at all. So its occurrence in any substantial amount at all, significant number at all, in the population that would work in this environment would be in substantially greater numbers since the number is zero for the average person.

This evidence is substantial and supports the referee's finding.

Next, St. Joe contends that Vincenzini failed to give timely notice of his disease. Section 311 of the Act[4] provides in part:

[U]nless the employe . . . shall give notice . . . within one hundred and twenty days after the occurrence of the injury, no compensation shall be allowed. . . . [T]he time for giving notice shall not begin to run until the employe knows, or by the exercise of reasonable diligence should know, of the existence of the injury and its possible relationship to his employment.

The referee found that Vincenzini became aware of his disability on December 27, 1977, following an

---

[4] 77 P.S. §631.

examination by Dr. Fine and that he notified St. Joe on January 19, 1978. This is supported by substantial evidence and clearly indicates that timely notice was given. Affirmed.

ORDER

The Workmen's Compensation Appeal Board order, No. A-78899, dated April 23, 1981, is hereby affirmed.