Nabisco, Inc., Petitioner *v.* Workmen's Compensation Appeal Board (Daggett), Respondents.

Argued November 14, 1983, before Judges WILLIAMS, JR., CRAIG and BLATT, sitting as a panel of three.

*Scott E. Becker, Thomson, Rhodes & Grigsby, P.C.,* for petitioner.

*Richard G. Spagnolli, McArdle, Caroselli, Spagnolli & Beachler,* for respondent, Leo T. Daggett.

OPINION BY JUDGE WILLIAMS, JR., May 15, 1984:

Nabisco, Inc. (employer) appeals an order of the Workmen's Compensation Appeal Board which reversed a referee's decision denying benefits to Leo T. Daggett (claimant) for serious and permanent disfigurement under Section 306(c)(22) of The Pennsylvania Workmen's Compensation Act (Act).[1]

Due to claimant's compensable injury, neck surgery (anterior cervical discectomy and fusion) was performed. Temporary total disability benefits were paid pursuant to a notice of compensation payable, and claimant subsequently returned to work without wage loss. Claimant then filed a modification petition alleging that his neck was seriously and permanently disfigured by a surgical scar.

Before the referee, the parties stipulated to the scar's permanency and to claimant's counsel's description of the disfigurement as "two and one quarter inches in length, and . . . approximately 1/16th of an inch in diameter [sic] and recessed." Without describing the scar in a finding the referee denied benefits after determining that—notwithstanding the stipulation—the neck scar was temporary, and the dis-

---

[1] Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §513(22).

figurement was not serious enough "to produce an unsightly appearance." Claimant appealed to the board which viewed the scar, reviewed the record and awarded the claimant twenty weeks of compensation. The employer subsequently appealed to this Court.

In order to qualify for benefits under Section 306-(c)(22) of the Act, a claimant must prove that his disfigurement is (1) serious (*i.e.* creates an unsightly appearance) and (2) permanent. Because the parties stipulated to the surgical scar's permanency below, the sole issue is whether the referee capriciously disregarded competent evidence of the seriousness of claimant's disfigurement. The referee is the trier of fact, and, absent a capricious disregard of competent evidence, the board cannot substitute its findings for the referee's. *Allegheny Ludlum Industries, Inc. v. Workmen's Compensation Appeal Board (Macurdy)*, 71 Pa. Commonwealth Ct. 74, 455 A.2d 213 (1983).

Although a disfigurement's seriousness is a question of fact for the referee to determine after a viewing, *Purex v. Workmen's Compensation Appeal Board (Ross)*, 66 Pa. Commonwealth Ct. 499, 445 A.2d 267 (1982), a board view is necessary to establish whether the referee capriciously disregarded competent evidence of a scar's seriousness, where, as here, the referee failed to make findings specifically describing the disfigurement.[2] *American Chain & Cable Company v. Workmen's Compensation Appeal Board (Weaver)*, 70 Pa. Commonwealth Ct. 579, 454 A.2d 211 (1982). While the board's *observation* of claimant's disfigurement was therefore warranted, *id.*, the board's *substitution* of its judgment and findings regarding the

---

[2] The referee's pertinent finding reads as follows:

As a result of said injury, claimant has not sustained a serious and permanent disfigurement of his neck of such a character as to produce an unsightly appearance.

disfigurement's seriousness for that of the referee is justified only if the fact finder capriciously disregarded competent evidence of the unsightly appearance of claimant's scarred neck. *See Allegheny Ludlum Industries, Inc.* (DOYLE, J. concurring).

In *St. Joe Zinc v. Workmen's Compensation Appeal Board (Howard)*, 59 Pa. Commonwealth Ct. 363, 429 A.2d 1262 (1981), after comparing record, referee and board descriptions of a disfigurement and concluding that the descriptions were substantially similar, we reversed a board decision that had increased a disfigurement award. Thus, absent a substantial difference in what the board and referee observed as revealed by the record, referee and board disfigurement descriptions, the board may not modify the referee's decision. *Id.; see also Allegheny Ludlum Industries, Inc.* (DOYLE, J. concurring).

In the case *sub judice,* the board "amended" the referee's decision and awarded claimant twenty weeks of benefits primarily on the stipulated record-description of the scar, and, secondarily, on viewing the disfigurement. Unlike *St. Joe Zinc* and *Allegheny Ludlum Industries, Inc.,* however, the referee below did not *describe* claimant's disfigurement in the findings (*see* footnote 2, *supra*), thus it is impossible to conclude from the record and board description alone that the referee and board failed to find substantial differences in the evidence. We are therefore guided by *American Chain & Cable Company,* which affirmed— in the absence of referee's findings that described a disfigurement—a board decision which reversed the referee's award and tripled claimant's benefit duration. Because the referee failed to delineate findings which adequately described claimant's neck disfigurement, we are persuaded that *American Chain & Cable Company,* rather than *St. Joe Zinc,* is determinative

here. Accordingly, we conclude that the board did not err as a matter of law when it granted benefits based upon its own observation of claimant's surgical scar.

We affirm.

ORDER

AND Now, this 15th day of May, 1984, the order of the Workmen's Compensation Appeal Board at No. A-83741, dated December 9, 1982, is affirmed.