Margaret S. Adamo, Petitioner *v.* Workmen's Compensation Appeal Board (Jameson Memorial Hospital), Respondents.

Argued November 13, 1984, before Judges WILLIAMS, JR., BARRY and COLINS, sitting as a panel of three.

*Dominick Motto, Chambers, Nicolls, Balph, Paul &
Motto,* for petitioner.

*Richard E. Flannery, Mansell, McKee, Mitsos &
Flannery,* for respondents.

OPINION BY JUDGE BARRY, January 25, 1985:

This appeal results from an order of the Workmen's Compensation Appeal Board (Board) affirming an order of a referee which granted a termination petition of Jameson Memorial Hospital (employer), thereby terminating benefits to claimant Margaret S. Adamo.

Claimant was injured in a fall at work in February, 1976, damaging her shoulder and rendering her totally disabled. She began collecting benefits pursuant to a notice of compensation payable. While the shoulder was healing, she developed chronic cervical strain in the neck which has resulted in a continuation of her total disability. In March, 1977, by which time the

shoulder had healed, the employer filed a petition to terminate benefits. Following a hearing, the referee found that claimant was still totally disabled and the disability was causally related to the fall at work. The latter conclusion was based on the testimony of claimant's medical expert. The Board reversed, however, holding that the testimony of claimant's expert was equivocal and therefore incapable of sustaining the finding that the neck injury was caused by the 1976 fall at work. On appeal, we agreed that the testimony in question was equivocal; however, as the burden of proof on a termination petition rests with the employer, *Childrens Aid & Family Services v. Workmen's Compensation Appeal Board*, 53 Pa. Commonwealth Ct. 379, 417 A.2d 1297 (1980), we remanded because "[w]e cannot assume, therefore, as did the Board, that the referee's decision was based on the legally incompetent testimony of Dr. Weiner, for it may have been based on the possible insufficiency or lack of credibility of the employer's medical evidence." *Adamo v. Workmen's Compensation Appeal Board*, 56 Pa. Commonwealth Ct. 530, 534, 425 A.2d 63, 65 (1981).

Upon remand, the referee made the following findings of fact.

1. Claimant was injured on February 6, 1976 when she fell and landed on her left shoulder.

2. Claimant was disabled as a result of said injury from 2/6/76 thru March 28, 1977 at which time all disability relating to her shoulder ceased and terminated.

3. Dr. Gerald Weiner, Orthopedic Surgeon and treating physician, testified that he cannot say with certainty that the cervical strain was causally related to the injury but testified that it conceivably could have been.

4. Although the testimony of the claimant's doctor is not as positive on the causal relationship as it should be, your Referee is of the opinion that there is a causal relationship between the neck injury and the fall of February 6, 1976. The Referee relied on the testimony of Dr. Gerald Weiner in reaching this conclusion.

5. The Commonwealth Court has ruled in this case that the employer has the burden of proving that the claimant's work related disability has ceased or is no longer related to the compensable injury.

6. Dr. Eric Minde testified that claimant's disability from the work related injury ceased and terminated on 3/28/77.

7. Dr. Gerald Weiner's testimony has been ruled by the Commonwealth Court to be equivocal and cannot support a finding.

8. *Your Referee must therefore find,* that based on the medical opinion of Dr. Minde, which is the only qualified medical evidence produced, that claimant's disability ceased and terminated on 3/28/77. (Emphasis added.)

(Referee's Decision, Sept. 23, 1981). The Board affirmed and this appeal followed.

Claimant argues that the referee misunderstood the import of our prior order in that he felt compelled to find as credible the testimony of Dr. Minde. Claimant argues that this injury is the type that requires no expert testimony on the question of causation, as the causal relationship between the injury and the fall is obvious. *Morgan v. Giant Markets, Inc.,* 483 Pa. 421, 397 A.2d 415 (1979). The reason claimant's expert was not able to give an unequivocal opinion as to whether the fall caused the neck injury was that his notes showed no complaint of neck pain until some

seven months after the fall. Claimant did complain immediately of headaches in the back of her head; further, she testified the pain was such that it was impossible for her to differentiate between headaches and neck pain. Claimant testified further that while her expert was an extremely qualified surgeon, he had a tendency to be forgetful, thereby affecting the quality of his notes. Claimant believes that since she never had problems with her neck before the fall and those problems surfaced immediately thereafter, the causal connection was obvious and expert testimony was not required. While this may be the case, it would be the referee's function, as arbiter of credibility, to decide these questions.

The cases are legion for the proposition that a referee is free to reject all of a medical expert's testimony. *St. Joe Minerals Corp. v. Workmen's Compensation Appeal Board,* 76 Pa. Commonwealth Ct. 325, 463 A.2d 1264 (1983); *Main Line Convertible v. Workmen's Compensation Appeal Board,* 63 Pa. Commonwealth Ct. 467, 439 A.2d 1250 (1981). In *Haney v. Workmen's Compensation Appeal Board,* 65 Pa. Commonwealth Ct. 461, 442 A.2d 1223 (1982), we held that a referee could reject uncontradicted medical testimony. These cases make clear that evidence need not be believed simply because that evidence was competent. We agree with claimant that the referee misunderstood the import of our prior remand order in that he felt compelled to accept as credible the testimony of Dr. Minde. Another remand is required.

ORDER

Now, January 25, 1985, the November 26, 1982 order of the Workmen's Compensation Appeal Board at No. A-82406 is vacated and the matter is remanded for proceedings consistent with this opinion.

Jurisdiction relinquished.