# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Timothy Allison,            :
           Petitioner      :
           :
       v.            :    No. 2285 C.D. 2013
           :    Submitted: May 30, 2014
Workers' Compensation Appeal    :
Board (Fisher Auto Parts, Inc.),    :
           Respondent    :

BEFORE:    HONORABLE DAN PELLEGRINI, President Judge
              HONORABLE ROBERT SIMPSON, Judge
              HONORABLE ANNE E. COVEY, Judge

OPINION NOT REPORTED

**MEMORANDUM OPINION**
**BY JUDGE SIMPSON**            **FILED: July 21, 2014**

Timothy Allison (Claimant) petitions for review of an order of the Workers' Compensation Appeal Board (Board) that reversed the decision of a Workers' Compensation Judge (WCJ), thereby denying Claimant's amended disfigurement petition for scarring on top of his clavicle bone. The Board reversed, concluding the clavicle is not part of the neck as a matter of law; thus, it does not qualify for compensation under Section 306(c)(22) of the Workers' Compensation Act (Act).[1] Claimant argues that the Board erred, and that its determination that the disfigurement is not covered by the Act is not supported by substantial evidence. We affirm on alternate grounds.[2]

---

[1] Act of June 2, 1915, P.L. 736, as amended, 77 P.S. §513(22).

[2] Am. Road Lines v. Workers' Comp. Appeal Bd. (Royal), 39 A.3d 603 (Pa. Cmwlth. 2012) (affirming result, finding one employer solely liable, on different rationale).

# I. Background

Claimant was employed by Fisher Auto Parts, Inc. (Employer) as an automotive parts manager. He was involved in a work-related motor vehicle accident, causing him to sustain multiple injuries, including a displaced fracture of the right clavicle. There is no dispute Claimant suffered a work-related injury to his right clavicle that required corrective surgery. The clavicle plate inserted during surgery was placed on the clavicle bone. It resulted in scarring *on* the clavicle bone and *below* the clavicle bone. Reproduced Record (R.R.) at 24a. None of the disfigurement is located *above* the clavicle bone (toward the head).

Initially, Claimant filed a claim petition for facial disfigurement, alleging the loss of all his upper teeth. Employer filed an answer denying that Claimant sustained serious, permanent and unsightly disfigurement to his head, face or neck. Then, Claimant amended his claim petition, withdrawing his claim for facial disfigurement, and seeking benefits for scarring and disfigurement from the corrective surgery on his right clavicle.

A WCJ held a hearing on the amended claim petition. The WCJ admitted into evidence four photographs of Claimant's scarring and disfigurement taken in February 2012. R.R. at 20a, 21a. A fifth picture, taken months later, showing a tape measure along the length of the disfigured clavicle, was also admitted. R.R. at 28a. The WCJ also personally viewed the disfigurement, one year and 10 months after the surgery. He observed "the disfigurement appeared at the hearing as it does in the photographs …." WCJ Am. Decision, 8/8/2012, Finding of Fact (F.F.) No. 6.

2

The WCJ described the scarring and disfigurement as follows: (1) noticeable from 15-20 feet away; (2) significantly raised, uneven in texture, slightly discolored and protruding; (3) five inches in length and about a half an inch wide along the entire length; (4) two inches of the scar lie directly below the clavicle; (5) the remaining three inches of the scar is on top of the clavicle; and, (6) the raised and protruding disfigurement due to the surgical plate is approximately five inches long. He noted "[t]he disfigurement due to the surgical plate is more severe than the scar." F.F. No. 6. Significantly, the WCJ "found as fact that Claimant's disfigurement and scarring (with the exception of the two inches of scar, which lies below the clavicle,) is compensable as being <u>located at the base of Claimant's neck</u>." <u>Id.</u> (emphasis added).

The WCJ granted Claimant's amended claim petition and awarded 275 weeks[3] of compensation for the three inches of the scar on top of Claimant's clavicle bone and "five inches of disfigurement on Claimant's neck." WCJ Am. Decision, Conclusion of Law (C.L.) No. 1. He further explained "[t]his award is based on the visual severity of the disfigurement, as well as a review of other awards in comparable cases." <u>Id.</u>

---

[3] As the WCJ's original findings, which awarded 150 weeks of compensation for scarring and disfigurement, were inconsistent with its order that awarded 275 weeks of disfigurement benefits, the WCJ issued an Amended Decision and Order awarding Claimant 275 weeks of disfigurement benefits.

Employer appealed to the Board, arguing the WCJ erred in determining that Claimant sustained compensable scarring and disfigurement when the scarring was on the clavicle, and not on his neck. Even assuming the clavicle was part of the neck, Employer asserted, the WCJ abused his discretion in awarding 275 weeks of benefits because the award is outside the normal range, and unsupported by the cases the WCJ cited.

After viewing Claimant's scar and disfigurement, the Board reversed. Although it agreed with the WCJ's description of the location of the disfigurement, the Board reasoned the disfigurement was not compensable under the Act because the clavicle is not part of the neck. The Board concluded the disfigurement is accurately described by only referring to its location as on top of the clavicle.

Claimant now petitions for review.[4]

## II. Discussion

Claimant argues the Board's determination is not supported by substantial evidence. He seeks reinstatement of the WCJ's decision, asserting the Board erred as a matter of law in reversing the WCJ because scarring at the base of the neck is compensable. Claimant also contends that, as a remedial statute, the Act should be construed in favor of compensating workers.

---

[4] Our review of an order of the Board is limited to determining whether the necessary findings of fact were supported by substantial evidence, whether Board procedures were violated, whether constitutional rights were violated or an error of law was committed. Walker v. Workers' Comp. Appeal Bd. (Health Consultants), 42 A.3d 1231 (Pa. Cmwlth. 2012).

4

Employer responds that the Board properly concluded Claimant's disfigurement is not compensable because the neck does not include the clavicle. See Employer's Br. at 8 (citing GRAY'S ANATOMY 475 (T. Pickering Pick & Robert Howden, eds., 15th ed. 1995)). Employer asserts that whether the part of the body that is disfigured is a body part covered by Section 306(c)(22) of the Act is a question of law fully reviewable by this Court.

A claimant bears the burden of proving disfigurement. To receive an award under this section, a claimant must prove that the disfigurement: (1) is serious and permanent; (2) results in an unsightly appearance; and, (3) is not usually incident to his or her employment. McCole v. Workers' Comp. Appeal Bd. (Barry Bashore, Inc.), 745 A.2d 72 (Pa. Cmwlth. 2000); Carlettini v. Workers' Comp. Appeal Bd. (City of Phila.), 714 A.2d 1113 (Pa. Cmwlth. 1998).

Here, the permanence and unsightliness of Claimant's disfigurement is not disputed. The only matter at issue is whether the disfigurement qualifies as compensable under the Act.

Section 306(c)(22) of the Act does not provide for compensation for disfigurement when it is below the neck. The "Act only provides [compensation] for scars that appear on the head, neck, or face." Fullerton v. Workers' Comp. Appeal Bd. (Gettysburg Foundry Specialties Co.), 761 A.2d 201, 202 (Pa. Cmwlth. 2000) (citing LTV Steel Co. v. Workmen's Comp. Appeal Bd. (Hawk), 638 A.2d 292 (Pa. Cmwlth. 1994)); see also 77 P.S. §513(22) (providing compensation for "disfigurement of the head, neck or face …").

In this case, the Board reversed the WCJ's award of benefits because it held that the scarring "on top of" the clavicle is not part of the neck. F.F. No. 2. In making its determination, the Board accepted the WCJ's description of the disfigurement and relied on its own viewing of Claimant's scar.

On appeal from a WCJ's decision, the Board must review the WCJ's "[t]ranslation of the visual impact of a disfigurement into a monetary award" on the basis of its own view of a claimant's condition. Hastings Indus. v. Workmen's Comp. Appeal Bd. (Hyatt), 611 A.2d 1187, 1190 (Pa. 1992). "The 'only meaningful way' for the [Board] to determine whether the WCJ's opinion is supported by substantial evidence is for the [Board] to view the scar." McCole, 745 A.2d at 76 (quoting Am. Chain & Cable Co. v. Workmen's Comp. Appeal Bd. (Weaver), 454 A.2d 211, 214 (Pa. Cmwlth. 1982)).

Our Supreme Court recognized that permitting the Board this type of review allows it to use its experience, serves to "promot[e] a reasonable degree of uniformity" and "assur[es] evenhandedness" in awarding disfigurement benefits throughout the Commonwealth. Hastings Indus., 611 A.2d at 1190. "Accordingly, the Board may modify a WCJ award only if it concludes after conducting its own view that the WCJ capriciously disregarded competent evidence by entering an award significantly outside the range of benefits that most WCJs would select for a particular scar." City of Pittsburgh v. Workers' Comp. Appeal Bd. (McFarren), 950 A.2d 358, 360 (Pa. Cmwlth. 2008). However, in so doing, the Board must adequately explain its decision to allow for meaningful appellate review. Id.

6

Here, the Board never reached the issue of modifying the award based on its view of Claimant's disfigurement. While the Board agreed with the WCJ's description of the scar, the Board determined that the location of disfigurement was limited to the clavicle. Based on this Court's decision in U.S. Steel Corp. v. Workmen's Compensation Appeal Bd. (Gouker), 416 A.2d 619 (Pa. Cmwlth. 1980), the Board determined the clavicle is distinct from the neck, and so did not qualify as compensable under the Act.

In U.S. Steel, this Court upheld the Board's finding that the base of the neck is at the point the clavicle, scapula and sternum meet. Specifically, we stated:

> the base of the neck is located at the juncture of the clavicle, scapula, and sternum. We think that is an accurate description of the point which intersects with an imaginary line drawn vertically through one's head at the base of that part of the body connecting one's head and trunk, *i.e.*[,] the neck.

Id. at 622. (emphasis added). Then we noted that awarding disfigurement benefits when the description of the scar referred to *only* the clavicle would be "too generous." Id. at 622. Notably, in concluding that the disfigurement is not compensable here, the Board relied on the above quotation from U.S. Steel.

As both Employer and Claimant cite U.S. Steel in support of their respective positions, we examine this decision. Interestingly, both parties assert that the question of whether scarring or disfigurement is located on the neck is a question of law. See Resp'ts' Br. at 9; Pet'r's Br. at 7.

7

In U.S. Steel, this Court analyzed "whether the location of a disfigurement is a question of fact or a question of law." Id. at 620. In that case, we explicitly rejected the employer's argument that it is a question of law. Rather, "we [held] that questions concerning the *location* of compensable disfigurements are likewise questions of fact." Id. (emphasis in original).

As such, the Board here should have treated the location of Claimant's scar as a finding entitled to deference, provided it was supported by substantial evidence in the record. In determining that the location of the three inches of scarring on top of Claimant's clavicle was a matter of legal definition, the Board erred. However, that does not end the inquiry. We continue our analysis by assessing whether the record supports the WCJ's finding that Claimant's scarring was at the base of the neck.

U.S. Steel indicates that a finding that makes no reference to the neck, and only refers to the clavicle, will not support an award of benefits because the clavicle is not part of the neck. Id. at 622 (a reference to only the clavicle is "too generous"). By contrast, this case is more complicated because the WCJ found that the three inches of scarring on top of the clavicle was "at the base of the neck." WCJ Am. Decision, F.F. No. 6. The WCJ so concluded based on the above-quoted portion of U.S. Steel, upon which both parties rely. Id.

In other words, the WCJ used the terms on top of the clavicle and base of the neck interchangeably, as though they referred to the same body part.

8

Importantly, the Board agreed with "the WCJ's description of the disfigurement as lying entirely on top of and below the clavicle." Bd. Op., 12/12/13, at 3. However, the Board continued that "[o]ur viewing revealed that no portion of the disfigurement lies above the clavicle or at the intersection of the clavicle and the neck." Id.

Our explanation in U.S. Steel proves instructive in resolving the WCJ's dual characterization of the scar as both on top of the clavicle and at the base of the neck. To the extent the above-quoted passage in U.S. Steel may be construed as defining the bounds of the neck, it is located *above* the clavicle. Notably, none of Claimant's scarring or disfigurement appears above the clavicle.

In reviewing the evidence of record, we agree with the Board that the disfigurement is not compensable because it is limited to the clavicle. Specifically, the photographic evidence depicts the scar as on top of the clavicle bone, and as limited to the clavicle. See R.R. at 20a, 21a, 28a. Therefore, substantial evidence supports the WCJ's description as on top of the clavicle. However, substantial evidence does not support the WCJ's finding that the scar is on the base of the neck.[5] Thus, however unfortunate, Claimant is not entitled to compensation for his disfigurement.

---

[5] In addition, the confines of the neck to exclude the clavicle is supported by the definitions in Stedman's Medical Dictionary, upon which this Court relied in prior cases. See, e.g., Pennsylvania State Univ. v. Workers' Comp. Appeal Bd. (Rabin), 53 A.3d 126 (Pa. Cmwlth. 2012). Stedman's Medical Dictionary defines "neck" as "part of body by which the head is connected to the trunk: it extends from the base of the cranium to the top of the shoulders." STEDMAN'S MEDICAL DICTIONARY 1184 (27th ed. 2000). The clavicle, also referred to as the collar bone, is defined as "a doubly curved long bone that forms part of the shoulder **(Footnote continued on next page…)**

### III. Conclusion

Because the evidence does not support the WCJ's crucial finding that the scarring is located on the neck, we affirm the Board's order denying benefits.

_____
ROBERT SIMPSON, Judge

---

**(continued…)**

girdle." Id. at 360. As the clavicle is part of the shoulder, and is below the shoulders, to which the neck extends, it is not part of the neck. Rather, like Claimant's scarring here, it is below the neck.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Timothy Allison,               :
            Petitioner       :
                           :
         v.             :   No. 2285 C.D.  2013
                           :
Workers' Compensation Appeal  :
Board (Fisher Auto Parts, Inc.),  :
           Respondent   :

## **O R D E R**

**AND NOW**, this 21st day of July, 2014, the order of the Workers' Compensation Appeal Board is **AFFIRMED**.

_____
ROBERT SIMPSON, Judge
