627 A.2d 285

**LTV STEEL COMPANY, INC., Petitioner,**

**v.**

**WORKMEN'S COMPENSATION APPEAL BOARD (ROSATO), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Feb. 12, 1993.

Decided June 23, 1993.

---

Raymond F. Keisling, for petitioner.

Mary Lou Jacobs, for respondent.

Before DOYLE and KELLEY, JJ., and BLATT, Senior Judge.

BLATT, Senior Judge.

LTV Steel Company, Inc. (employer) appeals here from an order of the Workmen's Compensation Appeal Board (Board) which affirmed the referee's decision awarding 140 weeks of compensation to Francesco Rosato (claimant) under Section 306(c)(22) of The Pennsylvania Workmen's Compensation Act (Act).[1]

On January 15, 1991, the claimant filed a claim petition alleging that he was permanently scarred as the result of a work-related injury. The employer filed an answer which denied material allegations. During a hearing on the matter, the referee observed the claimant's scars and described them in great detail for the record. Based on her view of the claimant's disfigurement, the referee awarded the claimant 140 weeks of compensation. On appeal, the Board affirmed the referee and the employer now appeals to this court.

The employer first argues that the Board erred when it refused to review the number of weeks of compensation awarded on the basis that the amount of compensation is a purely discretionary determination for the referee.

In *Hastings Industries v. Workmen's Compensation Appeal Board (Hyatt)*, 531 Pa. 186, 611 A.2d 1187 (1992), the referee awarded 17 weeks of compensation. On appeal, the Board after viewing the injury, held that although the referee's description of the injury was accurate, he had capriciously disregarded competent evidence by awarding only 17 weeks of compensation. Instead, the Board awarded 50 weeks of compensation because 17 weeks was significantly less than what most of the referees in the state would have awarded. This Court reversed the Board, holding that the amount of the award in a disfigurement case is a question of fact for the referee. Upon its review, the Supreme Court acknowledged

---

1. Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. § 513(22). This section provides compensation "[f]or serious and permanent disfigurement of the head, neck or face, of such a character as to produce an unsightly appearance, and such as is not usually incident to employment, sixty-six and two-thirds per centum of wages not to exceed two hundred seventy-five weeks."

that a disfigurement injury is dissimilar to a specific loss injury in that, unlike the latter, the Act does not set forth specific awards for disfigurement injuries but, rather, permits a referee to base its award upon the severity of the disfigurement. It further recognized that the determination of the amount of the award in a specific loss injury is a question of law. It then held that same determination for a disfigurement injury is a mixed question of law and fact within the Board's scope of review.

Because the visual impact of a disfigurement is an essential part of the determination of the amount of the award, the Board may, upon its own view of the injury, modify a referee's award to bring it within the range of compensation which most referees would award. *Id.* Therefore, we must remand this case to afford the Board the opportunity to view the claimant's injury and to review the referee's award in accordance with the Supreme Court's opinion in *Hastings.*

The employer has also asserted in its appeal that the referee's description of the claimant's injury is in error. On this issue, we must agree with the Board.

The employer's counsel was present at the hearing during which the referee viewed and described in detail for the record the claimant's injury. At no time during this hearing did the employer's counsel make an objection to the referee's description of the injury and upon the referee's inquiry had expressly agreed with her description of the scarring of the claimant's forehead. Notes of Testimony at 6, Reproduced Record at 21a. In her finding of fact describing the injury, the referee has reproduced nearly verbatim her description during the hearing. Given these facts, the employer was remiss in not raising this argument before the referee so that any corrections that may have been necessary could have been made immediately. *See Serafin v. Workmen's Compensation Appeal Board,* 62 Pa.Commonwealth Court 413, 436 A.2d 1239 (1981).

Accordingly, we enter the following order.

## *ORDER*

AND NOW, this 23rd day of June, 1993, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is reversed and the case is remanded for further proceedings in accordance with this opinion.

Jurisdiction relinquished.