638 A.2d 292

**LTV STEEL COMPANY and National Union Fire Insurance Co., Petitioners,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (HAWK), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Oct. 1, 1993.

Decided Feb. 4, 1994.

Reconsideration Denied March 15, 1994.

Raymond F. Keisling, for petitioners.

James J. Bedortha for respondent.

Before SMITH and KELLEY, JJ., and SILVESTRI, Senior Judge.

SMITH, Judge.

LTV Steel Company (Employer) petitions for review of the April 2, 1993 order of the Workmen's Compensation Appeal Board (Board) which affirmed the referee's decision granting Merle L. Hawk (Claimant) thirty weeks of compensation benefits for permanent and unsightly disfigurement pursuant to Section 306(c)(22) of the Workers' Compensation Act (Act).[1] The issues raised on appeal are whether Claimant's disfigurement was caused by his work-related injury, whether the Board has the right to view disfigurements, and whether the referee's award was excessive.

Claimant filed a claim petition alleging serious and permanent facial disfigurement as a result of a work-related injury which occurred on July 29, 1990 when he was showered with hot refractories while opening a lid on a coke oven standpipe. At the hearing before the referee, Employer stipulated that Claimant sustained a work-related injury which was reported to the dispensary; however, Employer denied that the injury resulted in serious and permanent facial disfigurement. Claimant was present at the referee's hearing and the referee observed four scars on Claimant's face and neck and described them in detail for the record. The referee awarded a total of thirty weeks of compensation benefits: twenty weeks for the first scar, eight weeks for the second scar, and two weeks for the fourth scar; and found that the third scar, which was located on Claimant's neck, was not unsightly. Employer appealed to the Board which affirmed the referee and concluded that no basis existed to disturb his findings as to Claimant's scars which were related to the accident or those findings related to the number of weeks of compensation due.[2]

1. Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 513(22). Section 306(c)(22) provides that for serious and permanent disfigurement of the head, neck, or face, which produces an unsightly appearance and which is not usually incident to employment, the compensation shall be sixty-six and two-thirds per centum of wages not to exceed two hundred seventy-five weeks.

2. This Court's scope of review is limited to determining whether necessary findings of fact are supported by substantial evidence, an error of law was committed, or constitutional rights were violated. *Russell v.*

██ Employer argues that the description of the scars is incorrect and that Claimant's permanent disfigurement was not caused by the work-related injury on July 29, 1990. The ultimate factfinder in a workers' compensation proceeding is the referee, and he or she has the sole prerogative of assessing credibility and resolving conflicts in testimony. *Bethenergy Mines, Inc. v. Workmen's Compensation Appeal Board (Skirpan)*, 132 Pa.Commonwealth Ct. 277, 572 A.2d 838 (1990), *aff'd*, 531 Pa. 287, 612 A.2d 434 (1992). The referee may accept or reject, in whole or in part, the testimony of any witness. *Id.*

██ Employer offered Claimant's dispensary records into evidence, which indicated only one area of disfigurement located on Claimant's neck, and the referee admitted the records over Claimant's hearsay objection. Claimant testified that although he showed the dispensary workers his other scars, they were disregarded. The referee viewed the evidence, including Claimant's scars, and resolved the conflicting testimony in favor of Claimant by finding that three of his four scars were compensable. The Board noted that after discussion by counsel as to the extent of the scarring, the parties deferred without objection to the referee's determination as to the extent of Claimant's scarring and the number of benefit weeks. Since the referee's findings are supported by substantial evidence, this Court will not disturb them on appeal.[3]

Employer cites *Hastings Industries v. Workmen's Compensation Appeal Board (Hyatt)*, 531 Pa. 186, 611 A.2d 1187 (1992), and argues that the case must be remanded to the Board, in order for it to view the alleged disfigurements and

*Workmen's Compensation Appeal Board (Volkswagen of America)*, 121 Pa.Commonwealth Ct. 436, 550 A.2d 1364 (1988).

**3.** Employer also argues that the referee's award should not be affirmed because there is evidence that Claimant previously received workers' compensation benefits for scarring. Employer admitted that it was not until its appeal of the referee's decision to the Board that it presented the issue of Claimant's prior compensation. Since Employer failed to present this evidence during the referee's hearing or to file a petition for rehearing before the referee, the issue was not properly before the Board and is likewise not properly before this Court.

determine whether Claimant's award of thirty weeks of compensation benefits is excessive. This Court interpreted the requirements of *Hastings* in *LTV Steel Co. v. Workmen's Compensation Appeal Board (Rosato)*, 156 Pa.Commonwealth Ct. 374, 627 A.2d 285 (1993), and held that the Board need only have an "opportunity to view" a claimant's disfigurement to comply with *Hastings*. Employer admitted in both its petition for review to this Court and in its brief that Claimant was present at oral argument before the Board. Claimant also states in his brief that, pursuant to Employer's demand, he appeared before the Board and revealed his disfigurement. Since it is uncontested that Claimant was present and provided an opportunity for the Board to view Claimant's disfigurement, the requirements of *Hastings* and *LTV* were satisfied.

Concerning the scope of the Board's review, Employer contends that the Board used the wrong scope of review when it stated that it saw no reason to disturb the referee's award because there was no "capricious disregard of evidence by the Referee." The Board merely cited a passage from *Hastings* which expressed the applicable standard for the Board's visual view or examination of a claimant's disfigurement. The court in *Hastings* stated more completely, "if the [Board] concludes, upon a viewing of a claimant's disfigurement, that the referee capriciously disregarded competent evidence by entering an award significantly outside the range most referees would select, the [Board] may modify the award as justice may require." *Id.* 531 Pa. at 192, 611 A.2d at 1190. Moreover, in its decision, the Board explicitly indicated that its scope of review is limited to determining only whether error of law has been committed or whether the referee's critical findings of fact are supported by substantial evidence.

Since Section 306(c)(22) of the Act permits benefits for disfigurement of the head, neck, and face of up to two hundred seventy-five weeks, the Board acted within its discretion in affirming the referee's award of thirty weeks compensation for Claimant's scars. Finding no error by the Board, its decision is affirmed.

## *ORDER*

AND NOW, this 4th day of February, 1994, the order of the Workmen's Compensation Appeal Board is affirmed.

**WORKMEN'S COMPENSATION APPEAL BOARD (EMMAUS BAKERY), Respondent.**