**CITY OF PHILADELPHIA, Petitioner,**

v.

**WORKERS' COMPENSATION APPEAL BOARD (MERCER), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs May 15, 1998.

Decided Aug. 20, 1998.

Marianne Henry, Philadelphia, for petitioner.

Richard R. DiStefano, Philadelphia, for respondent.

Before DOYLE and FLAHERTY, JJ., and MIRARCHI, Jr., Senior Judge.

FLAHERTY, Judge.

The City of Philadelphia (City) petitions for review from an order of the Workers' Compensation Appeal Board (Board) which affirmed the decision of the Workers' Compensation Judge (WCJ) awarding disfigurement benefits for 150 weeks to Anthony Mercer (Claimant). We vacate the order of the Board and remand the case for proceedings consistent with this opinion.

Claimant worked for the City as a firefighter. On March 1, 1994, Claimant filed a claim petition alleging that he suffered disfiguring injuries to his head, neck and face while fighting a fire on May 26, 1993. A hearing before the WCJ was held wherein Claimant testified that while fighting a fire, a porch fell on him and his face and legs were burned. The WCJ viewed Claimant's face, made findings of fact regarding his disfigurement and awarded Claimant 150 weeks of compensation. Employer appealed to the Board which affirmed the decision of the WCJ.

On appeal, Employer maintains that the WCJ improperly considered burns to the Claimant's legs, that the WCJ inaccurately described Claimant's disfigurement and that contrary to its opinion the Board did not view the Claimant as it is required to do. We address this last issue first and because of our disposition do not discuss the remaining issues.

Initially, we note that our Supreme Court in *Hastings Industries v. Workmen's Compensation Appeal Board (Hyatt)*, 531 Pa. 186, 192, 611 A.2d 1187, 1190 (1992), stated that in disfigurement cases "[t]ranslation of the visual impact of a disfigurement into a monetary award involves a legal element which is subject to review by the WCAB on the basis of its own view of a claimant's visage." The Court observed that review by the Board in disfigurement cases "serves the salutary end of promoting a reasonable degree of uniformity in disfigurement awards." *Id.*

In *LTV Steel v. Workmen's Compensation Appeal Board (Rosato)*, 156 Pa.Cmwlth. 374, 627 A.2d 285, 286, (1993), the employer argued that the referee's award of 140 weeks of

compensation for the claimant's disfigurement was excessive and that the "Board erred when it refused to review the number of weeks of compensation awarded on the basis that the amount of compensation is a purely discretionary determination for the referee." This court, citing to *Hastings*, stated that the Board may upon its own review of the injury, modify an award to bring it into the range of compensation which most referees would award. As such, we remanded the case "to afford the Board an opportunity to view the claimant's injury and to review the referee's award. . . ." *Id.* 627 A.2d at 287.

Thereafter, in *LTV Steel Co. v. Workmen's Compensation Appeal Board (Hawk)*, 161 Pa.Cmwlth. 632, 638 A.2d 292 (1994), the employer argued that the case should have been remanded to the Board in order for it to view the claimant's disfigurements and to determine whether the referee's award was excessive. We reviewed *Hastings* and *Rosato,* and stated that "the Board need only have an 'opportunity to view' a claimant's disfigurement to comply with *Hastings.*" *Hawk,* 638 A.2d at 293. In that case, the employer admitted in its brief and in its petition for review that the claimant was present at oral argument before the Board. Moreover, in his brief the claimant stated that he appeared before the Board and revealed his disfigurement. Because it was uncontested that the claimant "was present and provided an opportunity for the Board to view Claimant's disfigurement", this court determined that the requirements of *Hastings* and *Rosato* were met. *Hawk,* 638 A.2d at 293.

■ Thus, in accordance with *Hastings, Rosato* and *Hawk,* a claimant is required to present himself to the Board so that the Board has an opportunity to view the disfigurement. In this case, there is a discrepancy as to whether Claimant was present before the Board. The Board in its opinion, stated *"[w]e have viewed the disfigurement at issue,* and have examined the WCJ's description of it in the Findings of Fact. We see no substantial discrepancy between *our view* and the description." (Board's opinion at 5.) (Emphasis added.) Although the Board states that it viewed Claimant's disfigure-

ment, Employer, in its petition for review, application for supersedeas and brief to this court, maintains that the Board did not view Claimant and that Claimant was not present at the Board hearing. (Employer's petition for review ¶ 7.b., Employer's application for supersedeas ¶ 13.b., Employer's brief at 15.)

Claimant in his reply to Employer's request for supersedeas and in his brief to this court does not specifically deny Employer's contention that the Claimant was not viewed by the Board. (Claimant's reply to Employer's request for supersedeas ¶ 13., Claimant's brief at 3.) Claimant states that "no evidence exists one way or the other as to whether the claimant actually did in fact appear at the hearing." (Claimant's brief at 3.)

■ Thus, in this case, the Board maintains that it did view the Claimant, Employer argues that it did not and Claimant is not saying whether he was or was not viewed by the Board. Because we are unable to ascertain whether the Board did in fact observe Claimant and because the Board is required an opportunity to view the Claimant in accordance with *Hastings, Rosato* and *Hawk,* we are constrained to vacate the order of the Board and remand for further proceedings.

On remand, the Board is required to issue a new opinion and order stating whether Claimant was present at the hearing held before it. The Board should include the date of the hearing, and the names of the counsel and all parties who were present. If the Board is able to verify its statement that it viewed the Claimant then the Board shall incorporate in toto the opinion dated October 31, 1997. If however the Board is unable to provide this information, we order the Board to conduct a new hearing, wherein Claimant is present, and to issue a new opinion and order.

### ORDER

NOW, August 20, 1998, the order of the Workers' Compensation Appeal Board, at No. A97–0045, dated October 31, 1997, is vacated. The case is remanded to the Board. On remand, the Board is required to issue an opinion and order stating that the Claimant

was present at the hearing held before it in April of 1997. The Board is also instructed to include the date the hearing occurred and the names of all other parties present at the hearing. If the Board is able to verify that the Claimant was present at the hearing, then the Board shall issue an opinion adopting *in toto* its October 31, 1997, opinion.

If, however, the Board is unable to provide this information, we order that the Board conduct a new hearing wherein Claimant is present and to issue a new opinion and order.

Jurisdiction is relinquished.