**Daniel CALES, Petitioner,**

v.

**WORKERS' COMPENSATION APPEAL BOARD (NEW WARWICK MINING COMPANY), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Sept. 18, 1998.

Decided Nov. 13, 1998.

Reargument Denied Jan. 12, 1999.

Gary D. Monaghan, Uniontown, for petitioner.

Jerome P. Grossi, and Laura L. Reinhart, Pittsburgh, for respondent.

Before DOYLE and KELLEY, JJ., and RODGERS, Senior Judge.

RODGERS, Senior Judge.

Daniel Cales (Claimant) petitions for review of an order of the Worker's Compensation Appeal Board (Board) that affirmed as amended the decision by a workers' compensation judge (WCJ) granting Claimant's petition requesting benefits as a result of permanent facial disfigurement and scarring. The Board affirmed the grant of benefits, but modified the number of weeks of the award.

Claimant sustained a work-related injury on February 3, 1995. The allegations made in Claimant's petition seeking benefits were denied by New Warwick Mining Company (Employer) and hearings were held before a WCJ. The WCJ's pertinent finding of fact is as follows:

> 5. Claimant testified on May 29, 1996 as to the occurrence of his injuries. During this hearing claimant pointed out elements of scarring and disfigurement which were personally observed by this Workers' Compensation Judge. The claimant's left pupil is markedly dilated as compared the right and presents an unsightly appearance. There is an inch-long scar on the outside portion of the left nostril which is reddened in color. There is also a ¾-inch scar on the bridge of claimant's nose together with a small scar in the left eyebrow. There is a swelling and deviation of claimant's nose to the right.
>
> As to his left pupil it on occasions gets larger but never gets any smaller and continues to be dilated. Claimant stated he has never previously suffered any facial injuries to account for these scars. Several photographs were offered in evidence as proof of disfigurement.

(WCJ's decision, p. 3). The WCJ concluded that Claimant had established a serious and permanent disfigurement that created an unsightly appearance and ordered the payment to Claimant of 140 weeks of benefits for facial disfigurement.[1]

Employer appealed to the Board, contesting the length of the award. The Board viewed Claimant's facial disfigurement and held that "[a]fter viewing the Claimant's disability in this case, the Board finds that the WCJ's award of one hundred and forty (140) weeks is excessive and will be reduced to seventy five (75) weeks." (Board's decision, p. 2). The Board offered no further explanation for its modification.

Claimant now appeals to this Court,[2] arguing that the Board invaded the province of the WCJ by substituting its value for that of the WCJ when it reduced the number of weeks of specific loss benefits awarded to Claimant. Specifically, Claimant argues that the Board reduced the award without offering an explanation or rationale for its actions. Claimant relies on *Hastings Industries v. Workmen's Compensation Appeal Board (Hyatt)*, 531 Pa. 186, 611 A.2d 1187 (1992), and *LTV Steel Co. v. Workmen's Compensation Appeal Board (Rosato)*, 156 Pa.Cmwlth. 374, 627 A.2d 285 (Pa.Cmwlth. 1993), which he contends requires the Board

---

1. The WCJ's decision actually referenced the award as a grant of total disability benefits for facial disfigurement. The Board recognized this error, correctly indicating that the WCJ's order should be amended to provide for specific loss benefits rather than total disability benefits.

2. Our scope of review in a workers' compensation appeal is limited to determining whether an error of law was committed, constitutional rights were violated, or whether necessary findings of fact are supported by substantial evidence. Section 704 of the administrative Agency Law, 2 Pa.C.S. § 704. *Russell v. Workmen's Compensation Appeal Board (Volkswagen of America)*, 121 Pa.Cmwlth. 436, 550 A.2d 1364 (Pa.Cmwlth. 1988).

to set out at least one of the criteria set out in these cases as a basis for modifying the WCJ's determination.

Initially, we note that Section 306(c)(22) of the Workers' Compensation Act (Act),[3] provides that for serious and permanent disfigurement of the head, neck or face, which produces an unsightly appearance and which is not usually incident to the employment, the compensation awarded shall not exceed 275 weeks. Moreover, the Supreme Court in *Hastings* explained that the translation of disfigurement into monetary compensation is both a legal and a factual question that is reviewable by the Board based on its own view of the claimant. *See also City of Philadelphia, Risk Management Div. v. Workmen's Compensation Appeal Board (Harvey)*, 690 A.2d 1293 (Pa.Cmwlth.1997). As did the *Harvey* court, we quote the Supreme Court's holding in *Hastings* as follows:

> [I]f the WCAB concludes, upon a viewing of a claimant's disfigurement, that the referee capriciously disregarded competent evidence by entering an award significantly outside the range most referees would select, the WCAB may modify the award as justice may require.

*Id.* at 192, 611 A.2d at 1190.

We understand the holding in *Hastings* to require the Board to set forth the reasons for its modification of a WCJ's award in a facial disfigurement case. The Board must explain at a minimum that the WCJ capriciously disregarded competent evidence by awarding a number of weeks significantly outside the range most workers compensation judges would select or that justice required the modification. Indicating that the WCJ's award is excessive without more is insufficient.

Accordingly, we vacate the Board's order and reinstate the WCJ's order as modified to indicate that the award of 140 weeks represents an award for specific loss, not total disability benefits.

### ORDER

Now, November 13, 1998, the order of the Workers' Compensation Appeal Board, at

No. A97–1680, dated April 7, 1998, is vacated and the Workers' Compensation Judge's order granting 140 weeks of specific loss benefits is reinstated.

DOYLE, J., dissents.

---

**3.** Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. § 513(22).