**Randolph FULLERTON, Petitioner,**

v.

**WORKERS' COMPENSATION APPEAL BOARD (GETTYSBURG FOUNDRY SPECIALTIES COMPANY), Respondent.**

Commonwealth Court of Pennsylvania.

Argued Sept. 11, 2000.

Decided Oct. 24, 2000.

Steven D. Stambaugh, York, for petitioner.

Michael F. Faherty, Harrisburg, for respondent.

BEFORE: COLINS, Judge, LEADBETTER, Judge, LEDERER, Senior Judge.

COLINS, Judge.

Randolph Fullerton petitions for review from an order of the Workers' Compensation Appeal Board (Board) affirming the decision of a Workers' Compensation Judge (WCJ) denying benefits to Fullerton pursuant to the Workers' Compensation Act.[1] We affirm.

As a result of a June 19, 1995 fall into molten slag, Fullerton sustained severe burns to his arms, hands, and legs. Pursuant to a notice of compensation payable, Fullerton received total disability benefits as a result of these injuries, sustained while in the course and scope of employ-

---

1. Act of June 2, 1915, P.L. 736, *as amended,*   77 P.S. §§ 1–1041.4; 2501–2626.

ment at Gettysburg Foundry Specialties Company (Employer). On July 25, 1996, Fullerton executed a supplemental agreement suspending wage loss benefits as of May 16, 1996.

On December 17, 1996, Fullerton filed a claim petition seeking compensation for loss of use of his arm, hand, finger, foot, and toe and for disfigurement (scars) of his head, face, and neck. The claim petition does substantiate burns and scarring to Fullerton's hands, legs, knees, and fingers. Fullerton now acknowledges, through stipulation, that he did not suffer loss or use of any body part and has withdrawn the issue.

Before a workers' compensation judge, Fullerton testified and presented the report of Dr. Michael W. Born, a specialist in plastic and reconstructive surgery. Dr. Born did not describe any disfigurement or scarring to Fullerton's head, neck, or face. The WCJ denied Fullerton's claim petition finding that Fullerton failed to introduce any evidence of record documenting an injury or disfigurement to his head, neck, or face. (WCJ Finding of Fact Nos. 6, 7.) By decision and order dated October 13, 1999, the Board affirmed the WCJ's decision. Claimant now appeals to this Court.

On appeal,[2] Fullerton contends that the WCJ erred as a matter of law in concluding that Section 306(c)(22) of the Act, 77 P.S. § 513(22) limits disfigurement claims to scars appearing on the head, neck, or face. Section 306(c)(22) of the Act states:

> For all disability resulting from permanent injuries of the following classes, the compensation shall be exclusively as follows:
>
> . . . .
>
> (22) For serious and permanent disfigurement of the head, neck or face, of such a character as to produce an un-

sightly appearance, and such as is not usually incident to the employment, sixty-six and two-thirds per centum of wages not to exceed two hundred seventy-five weeks.

77 P.S. § 513(22). The very essence of Section 306(c)(22), 77 P.S. § 513(22), is the creation of a set recovery for compensable injuries. The language found in the statute above declares that the legislature intends for the subsequent list to be exhaustive. To hold otherwise would contradict the statute's clear language and would defeat the purpose of the statute itself.

Fullerton extrapolated his conclusion that the list is not exhaustive from *Matthews v. General Steel Castings Corp.*, 53 Pa. D & C 331 (1944), a case that addressed the issue of whether an accident occurred if the claimant had knowledge of the danger in placing a radium capsule into his pocket. This case is inapplicable for several reasons. First, the case dealt with law prior to the 1972 amendments to the Workers' Compensation Act, which required an accident to occur in order to receive compensation. Second, it should be noted that common pleas court opinions are not precedential before this Court. Further, there is no language in *Matthews* that permits a claimant to recover for scars that occur on the lower body.

Thus, we agree with the Board. Pursuant to the plain language of Section 306(c)(22) of the Workers' Compensation Act, compensation is limited to the disfigurement of the head, neck, or face. While Fullerton's medical evidence substantiates scarring over his body, the Workers' Compensation Act only provides for scars that appear on the head, neck, or face. *LTV Steel Co. v. Workmen's Compensation Appeal Board (Hawk)*, 161 Pa.Cmwlth. 632, 638 A.2d 292 (1994). *See also United States Steel Corp. v. Workmen's Compensation Appeal Board*, 52 Pa.Cmwlth. 641, 416 A.2d 619 (1980) (compensation for a

---

**2.** Our review is limited to determining whether necessary findings of fact are supported by substantial evidence and whether constitu-

tional rights have been violated or errors of law have been committed. 2 Pa.C.S. § 704.

scar located on the neck extends to the juncture of the clavicle, scapula, and sternum). The record is void of any evidence establishing disfigurement to Fullerton's head, neck, or face. The legislature decides what is compensable. While perhaps inequitable, the legislature's disparate treatment of various types of scarring is solely a matter of legislative discretion and not an area into which this Court may interfere. *Kuney v. PMA Ins. Co.*, 525 Pa. 171, 578 A.2d 1285 (1990).

Accordingly, we affirm the order of the Board.

### ORDER

AND NOW, this 24 th day of October 2000, the order of the Workers' Compensation Appeal Board in the above-captioned matter is hereby affirmed.