**LORD & TAYLOR, Petitioner,**

v.

**WORKERS' COMPENSATION APPEAL BOARD (BUFFORD), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Aug. 1, 2003.
Decided Oct. 20, 2003.

Dennis L. Platt, Philadelphia, for petitioner.

Andrè C. Dasent, Philadelphia, for respondent.

BEFORE: SMITH–RIBNER, Judge, LEADBETTER, Judge, and JIULIANTE, Senior Judge.

OPINION BY Judge SMITH–RIBNER.

Lord & Taylor (Petitioner) petitions for review of an order of the Workers' Compensation Appeal Board (Board) that affirmed as amended in part and remanded in part the decision of a Workers' Compensation Judge (WCJ) in regard to an award to Gloria Bufford for disfigurement pursuant to Section 306(c)(22) of the Workers' Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 513(22). Petitioner questions whether the Board erred when it modified the WCJ's award for Bufford's scar from 30 weeks to 100 weeks without any justification for diverging from the WCJ's decision and when it remanded to the WCJ for further findings related to a claim concerning an indentation on claimant's forehead that she raised for the first time on appeal.

The WCJ's unchallenged findings are that Bufford was working for Petitioner on May 11, 1999 when she suffered an injury in the course and scope of her employment.[1] She also worked at Rita's Water Ice, and the parties stipulated to a combined wage rate of $403 per week and a compensation rate of $269 per week. Bufford filed a claim petition seeking wage loss and specific loss benefits for disfigurement. The WCJ awarded two weeks' wage loss benefits at $154.80 per week for the two weeks that she missed with Petitioner; however, the WCJ denied Bufford's claim for three weeks lost wages from Rita's Water Ice because the wage records indicated that she did not miss any time there.

In regard to disfigurement, the WCJ noted that Bufford sustained a scar over her right eyebrow, which was described by her treating physician as being three-quar-

---

1. Bufford testified that she worked as a clerk and shoe salesperson. At the time of injury another employee was on a ladder passing items to her from a shelf when a display bar for neckties weighing approximately twenty pounds fell from the top shelf and hit Bufford on the right side of her forehead, top of head on the right and in the area of her right temple.

ters of an inch to an inch in length. The WCJ found that scar to be permanent, serious and unsightly. However, because the treating physician did not describe an area of discoloration near Bufford's right eye as being related to the work incident or permanent in nature, the WCJ found that it was not permanent or caused by the work incident. Similarly, because the treating physician did not state that a small area of discoloration in the right eye was caused by the work incident, and stated that it was not acute in appearance, the WCJ concluded that Bufford had not sustained her burden to prove that the eye discoloration was related.[2] The WCJ concluded that Bufford sustained her burden in regard to the scar over her eyebrow and ordered compensation of thirty weeks at the rate of $269 per week.

■ Bufford appealed and presented herself to the Board for a view. The Board noted that Section 306(c)(22) of the Act provides for compensation at sixty-six and two-thirds percent of wages for up to 275 weeks for serious and permanent disfigurement of the head, neck or face, of such a character as to produce an unsightly appearance and not usually incident to the employment. Citing *Hastings Indus. v. Workmen's Compensation Appeal Board (Hyatt)*, 531 Pa. 186, 611 A.2d 1187 (1992), the Board stated that its review in disfigurement cases is broader than in others: based upon its view, the Board may modify the amount of a WCJ's award if it determines that the WCJ capriciously disregarded competent evidence by entering an award significantly outside the range that most judges would select. The Board stated: "After viewing Claimant's facial scarring, we believe that the WCJ's award of thirty weeks of compensation was significantly outside the range most judges would select. Therefore, we modify the amount of the WCJ's award to one hundred weeks." Board's Decision at pp. 2–3.[3]

■ Petitioner first asserts that the Board abused its discretion by modifying the award for Bufford's scar from thirty to one hundred weeks without any legal basis. It cites *Consolidated Coal Co. v. Workmen's Compensation Appeal Board (Bardos)*, 142 Pa.Cmwlth. 621, 598 A.2d 333 (1991), for the proposition that a WCJ's award for disfigurement is in the nature of a finding of fact that will not be disturbed unless it shocks the conscience of the reviewing authorities. The Court notes, however, that this approach of *Consolidated Coal Co.* was superseded by the Supreme Court's holding in *Hastings In-*

---

2. The WCJ referred to a discoloration of the iris, but the doctor's report of May 24, 1999 actually stated that there was a brownish discoloration of the "right lateral sclera," i.e., the white of the eye. Exhibit C–3.

3. The Board also ordered a remand for the WCJ to receive evidence and to consider whether an indentation on Bufford's forehead was caused by the injury and was compensable. Bufford represents in her brief that this issue is moot because she will not pursue any further relief in regard to that claim. Because Bufford presented no claim and no evidence on that point before the WCJ and did not petition for a rehearing, the matter was not properly before the Board, and it would not be properly before the Court even if Bufford had not withdrawn it. *LTV Steel Co. v. Workmen's Compensation Appeal Board (Hawk)*, 161 Pa.Cmwlth. 632, 638 A.2d 292 (1994).

The Court's review in administrative agency appeals is limited to determining whether constitutional rights were violated, whether an error of law was committed, whether a practice or procedure of a Commonwealth agency was not followed and whether the findings of fact are supported by substantial evidence in the record. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704; *Gunter v. Workers' Compensation Appeal Board (City of Philadelphia)*, 573 Pa. 386, 825 A.2d 1236 (2003).

*dus.*, which characterized the award as in part a question of law and provided for a different manner of review.

Petitioner points out that the WCJ's finding was that the scar was from three-quarters to an inch in length and argues that the award of thirty weeks' compensation was adequate for the minimal scarring and was within the full discretion of the WCJ. It notes that in *LTV Steel Co. v. Workmen's Compensation Appeal Board (Hawk)*, 161 Pa.Cmwlth. 632, 638 A.2d 292 (1994), the Court affirmed an award by a referee, which was affirmed by the Board, for thirty weeks of compensation where a claimant was found to have three scars on his face from being showered with hot material. Petitioner states that the Board did not disagree with the WCJ's description of the scar, and it did not indicate what an appropriate range of compensation would be.

Bufford asserts that the award applies to three disfigurements, namely, scarring over the right eyebrow, discoloration of skin near the right eye and discoloration of the iris (actually sclera, *see* n2 above). However, the Board's decision addressed Bufford's contention that the award was woefully inadequate, arbitrary and capricious and outside the range most judges would select, but it did not address her stated challenges to the WCJ's findings and conclusions regarding the compensability of the area of skin discoloration or eye discoloration. Hence, it is unclear whether the award related solely to the scar over Bufford's eyebrow.

Bufford asserts that an award in the range of 90 to 110 weeks was determined to be what most WCJs would select given the severity of the injury. In fact, no such range was identified in the Board's opinion accompanying its order of March 25, 2003, which is the order under review. Bufford's brief, however, contains in an Appendix a reproduction of a purported order of the Board dated July 1, 2003, stating that the Board denies Petitioner's request for supersedeas of its decision of March 25, 2003 and that, as an addendum to that order, the Board finds the range that WCJs would award in this matter to be from 90 to 110 weeks. The certified record was received by the Court in this case on May 9, 2003, and Bufford has not filed an application for relief pursuant to Pa. R.A.P. 123 seeking to supplement the record pursuant to Pa. R.A.P. 1951(b). Consequently, the order simply copied and attached to the brief is not part of the record certified to the Court. Even if the Court could consider that order, the Board's jurisdiction to enter it is far from clear under the general rule of Pa. R.A.P. 1701(a) that after an appeal is taken or review of a quasi-judicial order is sought, the trial court or other government unit may no longer proceed further in the matter.

In view of the various procedural and other problems relating to review of the Board's order in this case, the Court deems it prudent to remand the matter to the Board for clarification. First, the Board shall state precisely what disfigurement is covered by the award. Next the Board shall indicate in this procedurally proper context its determination of the range of awards that most WCJs would select for the compensable disfigurement. The Court notes that the rationale of *Hastings* was that affording the Board the authority to make such a determination would serve the salutary purpose of promoting a reasonable degree of uniformity among awards for disfigurement, thereby advancing the ends of justice. In that regard, the Board should offer some explanation as to how it arrives at its determination of the range of awards that most judges would select in a particular case.

Finally, the Board shall reexamine whether the award of the WCJ in the present case is within the determined range, and, if it is not, the Board may enter an order modifying the award accordingly. Therefore, the order of the Board is vacated, and this case is remanded for further proceedings.

### ORDER

AND NOW, this 20th day of October, 2003, the order of the Workers' Compensation Appeal Board is vacated, and this case is remanded to the Board for further proceedings consistent with the foregoing opinion.

Jurisdiction is relinquished.