# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Barbara Daquilante,                    :
                          Petitioner   :
                                       :
        v.                             :  No. 630 C.D. 2021
                                       :  SUBMITTED:  June 23, 2022
Mercy Catholic Medical Center          :
(Workers' Compensation Appeal          :
Board),                                :
                          Respondent   :


BEFORE:    HONORABLE RENÉE COHN JUBELIRER, President Judge
           HONORABLE STACY WALLACE, Judge
           HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge


**OPINION NOT REPORTED**

**MEMORANDUM OPINION BY**
**SENIOR JUDGE LEADBETTER**                    **FILED:  July 18, 2022**


Claimant, Barbara Daquilante, petitions for review of the Workers' Compensation Appeal Board's affirmance of the Workers' Compensation Judge's (WCJ) denial of her claim for benefits for scarring of her legs.  Claimant contends that Section 306(c)(22) of the Workers' Compensation Act,[1] which limits specific loss benefits for disfigurement to serious and permanent disfigurement of the head, neck, and face, 77 P.S. § 513(22),[2] violates the Remedies Clause of the Pennsylvania

---

[1] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 513(22).

[2] *See also Fullerton v. Workers' Comp. Appeal Bd. (Gettysburg Foundry Specialties Co.)*, 761 A.2d 201 (Pa. Cmwlth. 2000) (holding that compensation under Section 306(c)(2) is limited to disfigurement of the head, neck, or face, and scarring elsewhere on the body is not compensable thereunder).

Constitution, Pa. Const. art. 1, § 11, and equal protection principles of the United States and Pennsylvania Constitutions. We affirm.

The facts are not in dispute and may be summarized in relevant part as follows.[3] Claimant sustained a work injury on August 20, 2012, when she was hit by a truck during the course of her employment with Employer, Mercy Catholic Medical Center. She filed a claim petition which was resolved by stipulation including the following diagnoses: right lower extremity degloving, fracture of the left cuboid, lacerated right foot, open right knee joint injury, muscle weakness, and depressive disorder. That claim is not at issue.

Claimant filed a second claim petition on September 9, 2018, alleging that she had sustained severe scarring of both legs as of August 20, 2012. Employer moved to dismiss the second claim petition because the Act does not authorize specific loss benefits for disfigurement of the legs. By decision and order, the WCJ denied the second claim petition, concluding that the scarring of Claimant's legs was not compensable. By opinion and order, the Board affirmed.

On appeal, Claimant raises two issues for our review:

(1) Whether the limitation on recovery for disfigurement to disfigurement of the head, neck, and face violates the Remedies Clause of the Pennsylvania Constitution.

(2) Whether the limitation on recovery for disfigurement to disfigurement of the head, neck, and face violates equal protection principles of the Pennsylvania and United States Constitutions.

---

[3] Other issues were litigated during the proceedings before the WCJ and Board, which included an initial decision by the WCJ, an initial appeal to the Board, a remand to the WCJ, and a second appeal to the Board. The second order of the Board rendered its prior decision final, allowing Claimant to petition for review to this Court. In the interests of concision, we have limited our recitation of the facts and procedural history to what is relevant to the disposition of the issues currently before the Court.

(*See* Pet'r Br. at 11.[4])

With regard to the first issue, Claimant contends that Section 306(c)(22)'s limitation of recovery violates the Remedies Clause. Section 306(c)(22) provides for benefits for "serious and permanent disfigurement *of the head, neck or face*, of such a character as to produce an unsightly appearance, and such as is not usually incident to the employment." 77 P.S. § 513(c)(22) (emphasis supplied). The Remedies Clause, found at Article I, Section 11 of the Pennsylvania Constitution, provides in relevant part as follows: "[a]ll courts shall be open; and every man for an injury done him in his . . . person . . . shall have remedy by due course of law, and right and justice administered without sale, denial or delay." Pa. Const., art. I, § 11. Claimant argues that the powers assigned to the General Assembly by Article III, Section 18 of the Pennsylvania Constitution, Pa. Const., art. III, § 18 (relating to compensation laws allowed to General Assembly) "may not override the fundamental rights protected by Article I, . . . which are implicated by the current limitations on scar recovery." (Pet'r Br. at 21.) Notably, Claimant's brief is bereft of (and our own research has not disclosed) Pennsylvania authority for this proposition, instead citing several cases from other jurisdictions whose laws do not provide for such limitation.

We agree with Employer that Article III, Section 18 of the Pennsylvania Constitution expressly authorizes the legislature to limit the remedies available to workers' compensation claimants, effectively "carving out" an exception to the Remedies Clause. Article III, Section 18 provides in relevant part as follows: "[t]he General Assembly may enact laws requiring the payment by employers . . . of reasonable compensation for injuries to employes arising in the course of their employment, . . . fixing the basis of ascertainment of such compensation and the

---

[4] We have paraphrased the questions presented for purposes of clarity.

maximum and minimum limits thereof." Pa. Const., art. I, § 18. As our Supreme Court explained in *Kline v. Arden H. Verner Co.*, 469 A.2d 158 (Pa. 1983), wherein it upheld the exclusivity of workers' compensation as a remedy for job-related injuries:

> To change, alter or abolish a remedy lies within the wisdom and power of the legislature and in some instances, the courts. Access to a tribunal is not denied when the tribunal has no jurisdiction to entertain either the claim or the remedy. Time and circumstances require new remedies to adjust to new and unforeseen losses and conditions. To do so, facets of the society often require new immunities or larger responsibility, as the legislature may determine. The workmen's compensation law has deprived some of rights in exchange for surer benefits, immunized some, to make possible resources to benefit many, who were heretofore without possible or practical remedies.

*Id.* at 160. Although *Kline* involved a question of access to the courts, we believe its logic applies with equal force to the authority of the General Assembly to choose how it will, in the words of Article III, Section 18, "fix[] the basis of ascertainment of [] compensation and the maximum and minimum limits thereof."[5] We note that such a reading does not deny a claimant the ability to seek total or partial disability benefits for disfigurement of the legs as measured by loss of earning power—it simply does not treat disfigurements to the legs on par with the "specific loss"

---

[5] It has long been held that limiting recoveries that would be available in tort is a reasonable and constitutional exchange for the strict no-fault liability imposed by the Act. However, in a situation in which the employer is blameless because the claimant's injuries are caused by the act of a third party, the Act takes nothing away, but rather gives additional benefits. We note that here Claimant obtained a third-party recovery from the accident which caused her injuries, and thus that someone other than Employer was responsible. Therefore, she has not been deprived of a remedy by the Act, but rather absent the Act would never have had a claim against Employer at all.

injuries of serious disfigurement to the head, neck, and face as set forth in Section 306(c)(2). *See, e.g., Hartwell v. Allied Chem. Corp.*, 320 F. Supp. 75, 77 (W.D. Pa. 1970) ("Clearly, Section 306(c) and (d) of the Act affords plaintiff no compensation for the bodily scarring resulting from his accident. Nevertheless, it does not follow from this fact that the injury in question is beyond the provisions of the Act.") [citing *Scott v. C.E. Powell Coal Co.*, 166 A.2d 31, 34 (Pa. 1960) (where accidental injury in course of employment resulted in employee's loss of senses of taste and smell, "the question as to what amount he is compensated depends on the provisions of the Act, and if that measure yields him nothing, the assumption is that he is nevertheless satisfied . . . .")].

With respect to her second issue, Claimant argues that Section 306(c)(22) violates the equal protection provisions of the Fourteenth Amendment to the United States Constitution[6] and Article I, Section 1 of the Pennsylvania Constitution.[7] Claimant asserts that Section 306(c)(22) creates a separate classification for those excluded from the specific loss provision by dint of their disfigurement occurring elsewhere than the head, neck, and face, and that this classification causes unequal eligibility for disfigurement benefits. It is this unequal eligibility that Claimant contends fails any standard of review applied to equal protection claims.

---

[6] The Equal Protection Clause of the Fourteenth Amendment provides that "[n]o state shall . . . deny to any person within its jurisdiction the equal protection of the laws." U.S. Const., amend. XIV, § 1.

[7] Article I, Section 1 of the Pennsylvania Constitution provides as follows: "[a]ll men are born equally free and independent, and have certain inherent and indefeasible rights, among which are those of enjoying and defending life and liberty, of acquiring, possessing and protecting property and reputation, and of pursuing their own happiness." Pa. Const., art. I, § 1. In evaluating equal protection claims under the Pennsylvania Constitution, our courts employ the same standards applicable to the Equal Protection Clause of the Fourteenth Amendment. *McCusker v. Workmen's Comp. Appeal Bd. (Rushton Mining Co.)*, 637 A.2d 776, 777 (Pa. 1994).

5

Employer responds by asserting that the deferential rational basis standard of review applies and that under that standard, the classifications created by Section 306(c)(22) are rationally related to a legitimate state objective. Namely, by limiting specific loss benefits to those with disfigurement above the neck, Section 306(c)(22) provides benefits to employees while achieving cost containment for employers.

As it is clear that there is a classification that is treated differently, we must determine the proper standard of review to apply. The familiar three-tiered system provides that classifications involving fundamental rights and suspect classifications trigger strict scrutiny; important rights and sensitive classifications require intermediate scrutiny; and all other legislative classifications are subject to rational basis review. *Sadler v. Workers' Comp. Appeal Bd.*, 244 A.3d 1208, 1216 (Pa. 2021). Our Supreme Court has determined that the Act confers a social welfare benefit on injured workers and that a statutory classification thereunder is consistent with equal protection if it meets the rational basis test. *Id.*

Rational basis review involves a two-part analysis. First, we consider whether the statute at issue seeks to promote a legitimate state interest; if so, we must determine whether the classification created by the statute is reasonably related to achieving that state interest. *Id.* Application of this standard does not require an express statement of purpose by the General Assembly concerning the statute at issue; courts may "hypothesize reasons why the legislature created the particular classification at issue and, if some legitimate reason exists, the provision cannot be struck down, even if its soundness or wisdom might be deemed questionable." *Id.* [quoting *Kramer v. Workers' Comp. Appeal Bd. (Rite Aid Corp.)*, 883 A.2d 518, 534 (Pa. 2005)].

6

Under the rational basis test, we are constrained to find that Section 306(c)(22) meets constitutional muster. Both our Supreme Court and this Court have held that cost containment for workers' compensation benefits is a legitimate state interest for purposes of a rational basis analysis. *Kramer*, 883 A.2d at 535 (holding Act's offset provision constitutional under rational basis test; "[r]easonable workers' compensation cost containment for employers, and the concomitant competitive benefit such cost containment offers for Pennsylvania businesses, unquestionably is a legitimate state concern"); *Caputo v. Workers' Comp. Appeal Bd. (Com. of Pa.)*, 34 A.3d 908, 916 (Pa. Cmwlth. 2012) (holding Act's offset provision constitutional and quoting *Kramer*). Although not stated in the Act, it is obvious that employers benefit from not having to pay specific loss benefits for some injuries or higher insurance rates for conditions not included in specific loss provisions, so they can be more competitive. Furthermore, we may easily imagine that the legislature believed disfigurement above the neck to create a greater impediment to employment because it may not be as inconspicuously covered by clothing as injuries below the neck. Whether this is inequitable to those like Claimant who have suffered grievous but non-compensable disfigurement or anachronistic in light of developments in other states (*see* Petitioner's Brief at 21-23) is a question for the General Assembly, not this Court.

In light of the foregoing, we affirm.

_____
**BONNIE BRIGANCE LEADBETTER,**
President Judge Emerita


Judge Fizzano Cannon and Judge Dumas did not participate in the decision for this case.

7

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Barbara Daquilante,            :
         Petitioner        :
                               :
      v.                     :    No. 630 C.D. 2021
                               :
Mercy Catholic Medical Center     :
(Workers' Compensation Appeal    :
Board),                           :
         Respondent     :

# O R D E R

AND NOW, this 18th day of July, 2022, the Order of the Workers' Compensation Appeal Board is AFFIRMED.

 

                            _____
                            **BONNIE BRIGANCE LEADBETTER,**
                            President Judge Emerita